UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FRED DEVRIES, Individually and on Behalf  :
of all Other Persons Similarly Situated,  :
                                                :    CIVIL ACTION
                                                :    No. 12-cv-6069
                Plaintiffs,     :

  -against-                                  :

MORGAN STANLEY & CO. LLC,  :
f/k/a Morgan Stanley & Co. Incorporated,  :
MORGAN STANLEY SMITH BARNEY LLC,  :
and MORGAN STANLEY  :

                Defendants.   :
-----------------------------------------------------------X

# MEMORANDUM OF LAW IN OPPOSITION TO
# DEFENDANTS' MOTION TO TRANSFER VENUE

**KLAFTER, OLSEN & LESSER, LLP**
Seth R. Lesser
Fran L. Rudich
Michael J. Palitz
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone:    (914) 934-9200
Facsimile:    (914) 934-9220

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz*
Susan H. Stern*
1515 South Federal Highway, Suite 404
Boca Raton, FL 33432
Telephone:    (561) 447-8888
Facsimile:    (561) 447-8831

*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

I.   Legal Standard for Motion to Transfer Venue Under 28 U.S.C. § 1404(a) .......................... 1

II.  Factor (1): Plaintiffs' Choice of Forum Is Afforded Significant Deference ..................... 2

III. Factors (2), (4) and (5): The Convenience Of The Witnesses And Parties Weighs In Favor Of Maintaining The Case In New York As Does The Locus Of Operative Facts ................. 5

IV.  Factor (3): The Location Of Relevant Documents And Relative Ease Of Access To Sources Of Proof Weighs In Favor Of Maintaining The Action In New York ................................ 11

VI.  Factor (6): The Availability Of Process To Compel The Attendance Of Unwilling Witnesses Weighs In Favor Of Maintain The Action In New York ..................................... 11

VII. Factor (7): The Relative Means Of The Parties Favors Maintaining The Action In New York ................................................................................................................................ 12

VIII. Factor (8): The Forum's Familiarity With Governing Law Is Neutral ............................... 12

IX.  Factor (9): The Interests Of Justice And Efficiency Are Neutral ...................................... 13

X.   CONCLUSION ................................................................................................................. 13

# TABLE OF AUTHORITIES

**Cases**

*Albert Fadem Trust v. Duke Energy Corp.*, 214 F. Supp. 2d 341 (S.D.N.Y. 2002) ........................ 1

*Amick v. Am. Express Travel Related Servs. Co.*, 2010 U.S. Dist. LEXIS 6483
  (S.D.N.Y. Jan. 26, 2010) ................................................................................................ 4

*Capitol Records, LLC v. VideoEgg, Inc.*, 611 F. Supp. 2d 349 (S.D.N.Y. 2009) ......................... 11

*D.H. Blair & Co. v. Gottdiener,* 462 F.3d 95 (2d Cir. 2006) ............................................................ 1

*Earley v. BJ's Wholesale Club, Inc.,* 2007 U.S. Dist. LEXIS 40125
  (S.D.N.Y. June 4, 2007) ............................................................................................. 7, 9

*Editorial Musica Latino Americana, S.A. v. Mar Int'l Records, Inc.*, 89 F. Supp. 62
  (S.D.N.Y. 1993) ................................................................................................................ 2

*Evancho v. Sanofi–Aventis U.S. Inc.,* 2007 U.S. Dist. LEXIS 35500
  (N.D. Cal. May 3, 2007) ................................................................................................. 8

*Farrior v. George Weston Bakeries Distrib.,* 2009 U.S. Dist. LEXIS 2636 (E.D.N.Y. Jan. 15,
  2009) ............................................................................................................................... 7

*Findwhat.Com v. Overture Services, Inc.*, 2003 U.S. Dist. LEXIS 2450
  (S.D.N.Y. Feb. 21, 2003) ................................................................................................ 5

*Freeman v. Hoffmann-La Roche Inc.*, 2007 U.S. Dist. LEXIS 23130 (S.D.N.Y. Mar. 21, 2007) . 2

*Glass v. S & M NuTec, LLC*, 456 F. Supp. 2d 498 (S.D.N.Y. 2006) ........................................... 10

*In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392 (S.D.N.Y. 2006) ....................... 11

*Irragori v. United Tech. Corp.,* 274 F.3d 65 (2d Cir. 2001) ............................................................ 3

*Johnson v. VCG Holding Corp.*, 767 F. Supp. 2d 208 (D. Me. 2011) ............................................ 5

*Jones v. Walgreen, Co.,* 463 F. Supp. 2d 267 (D. Conn. 2006) ...................................................... 8

*Koslofsky v. Santaturs*, *Inc.*, 2011 U.S. Dist. LEXIS 9386 (S.D.N.Y. Aug. 18, 2011) .................. 5

*Martignago v. Merrill Lynch & Co., Inc.*, 2012 U.S. Dist. LEXIS 4365
  (S.D.N.Y. Jan. 13, 2012) ................................................................................... 4, 8, 9, 12

*Medien Patent Verwaltung AG v. Warner Bros. Entm't, Inc.*, 749 F. Supp. 2d 188
   (S.D.N.Y. 2010) ................................................................................................... 1, 2, 10

*Morris v. Ernst & Young, LLP*, 2012 U.S. Dist. LEXIS 129414 (S.D.N.Y. Sept. 11, 2012) .. 4

*Nash v. CVS Caremark Corp.*, 2009 U.S. Dist. LEXIS 63678 (D.R.I. July 1, 2009) ..................... 7

*N.Y. Marine and Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102 (2d Cir. 2010) ................... 2

*Pippins v. KPMG LLP*, 2011 U.S. Dist. LEXIS 30678 (S.D.N.Y. Mar. 21, 2011) ............... *passim*

*Rindfleisch v. Gentiva Health Sys., Inc.*, 752 F. Supp. 2d 246 (E.D.N.Y. 2010) .............. 3, 7, 8, 13

*Stillman v. Staples, Inc.*, 2009 U.S. Dist. LEXIS 42247 (D.N.J. May 15, 2009) .......................... 6

*S.E.C. v. KPMG, LLP*, 2003 WL 1842871 (S.D.N.Y. Apr. 9, 2003) ............................................. 3

*Walker v. Jon Renau Collection, Inc.,* 423 F. Supp. 2d 115 (S.D.N.Y. 2005) .............................. 11

**Statutes & Rules:**

28 U.S.C. 1404(a) ........................................................................................................... *passim*

29 U.S.C. § 216(b) ............................................................................................................ 5, 6

29 C.F.R § 578.3 ................................................................................................................... 8

Fed. R. Civ. P. 45 ................................................................................................................ 11

Plaintiff Fred Devries on his own behalf and on behalf of those similarly situated, including opt-in Plaintiffs Ruby Teich, Michael Aversano, and Scott Belshaw (together "Plaintiffs") herewith responds to the Motion to Transfer Venue filed by Defendants Morgan Stanley & Co. LLC, Morgan Stanley Smith Barney LLC, and Morgan Stanley (hereafter collectively "Morgan Stanley" or "Defendants").  At issue in this case is an alleged corporate-wide practice and policy of Morgan Stanley's pursuant to which Morgan Stanley failed to accurately record hours worked by Financial Advisor Associates ("FAA's") and failed and refused to pay Plaintiffs and all other similarly situated FAAs for all hours worked including overtime compensation for all hours worked over 40 per workweek.

**I. Legal Standard For Motion To Transfer Venue Under 28 U.S.C. § 1404(a)**

The federal transfer of venue statute, 28 U.S.C. §1404(a), states, "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division, where it might have been brought".  This Court usually looks to seven factors in evaluating a Section 1404(a) motion  "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *Medien Patent Verwaltung AG v. Warner Bros. Entm't, Inc.*, 749 F. Supp. 2d 188, 190 (S.D.N.Y. 2010) (Cedarbaum, *J.*). (*citing D.H. Blair & Co. v. Gottdiener,* 462 F.3d 95, 106–07 (2d Cir. 2006) (internal brackets omitted)).  Courts within the Second Circuit also look to "(8) the forum's familiarity with the governing law, and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Albert Fadem Trust v. Duke Energy Corp.*, 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002).  In analyzing the

Section 1404(a) factors, "[i]t is settled law in this Circuit that 'the party requesting transfer carries the burden of making out a strong case for transfer.'" *Medien Patent Verwaltung AG*, 749 F. Supp. 2d at 190 (quoting *N.Y. Marine and Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010)).[1] It is also "firmly established" that, although district courts have "broad discretion," *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006), a party seeking to transfer venue faces an uphill battle. *See Pilates, Inc. v. Pilates Institute, Inc.*, 891 F. Supp. 175, 183 (S.D.N.Y. 1995); *see also Editorial Musica Latino Americana, S.A. v. Mar Int'l Records, Inc.*, 89 F. Supp. 62, 66 (S.D.N.Y. 1993) (citing cases). We address the points raised by Morgan Stanley and respectfully submit that Defendants have not met the high burden required to transfer this case to the Southern District of Florida. Rather, the relevant factors weigh in favor of maintaining the action in this District.

## II. Factor (1): Plaintiffs' Choice of Forum Is Afforded Significant Deference

Even though a plaintiff's choice of forum is customarily the first-listed factor, Defendants' Memorandum ("Def. Mem.") tellingly leaves it until the end for discussion and tries to downplay its significance. While they write that the Plaintiffs' choice of forum is given "some deference," in actuality, this Court follows the established rule that "[i]n considering a motion to transfer, the plaintiff's choice of forum is generally afforded great weight." *Medien Patent Verwaltung AG*, 749 F. Supp. 2d at 190; *accord also, e.g., Freeman v. Hoffmann-La Roche Inc.*, 2007 U.S. Dist. LEXIS 23130 at *5 (S.D.N.Y. Mar. 21, 2007) ("A plaintiff's choice of forum will not be disturbed unless the movant shows that the balance of convenience and justice weighs heavily in favor of transfer.") (quotation omitted). The Second

---

[1] Morgan Stanley's failure to acknowledge *Medien* is notable because it, along with some of the other relevant decisions cited below was cited to Morgan Stanley's counsel in the pre-motion letter to the Court dated September 11, 2012, but which authorities Morgan Stanley simply would prefer to ignore (or try to save any response concerning them until its reply).

Circuit has explained that "[t]he more it appears that a ... plaintiff's choice of forum has been dictated by reasons that the law recognizes as valid, the greater the deference that will be given to the plaintiff's forum choice." *S.E.C. v. KPMG, LLP*, 2003 WL 1842871 (S.D.N.Y. Apr. 9, 2003) (citing *Irragori v. United Tech. Corp.,* 274 F.3d 65, 71–72 (2d Cir. 2001)). In *S.E.C. v KPMG, LLP* this Court recognized that "substantial deference" was to be accorded to plaintiff's choice of forum in New York because the defendant had its corporate headquarters in New York. *Id*. at *4. *KPMG* relied on the fact that the action was aimed at addressing defendant corporation's past and future practices, and, as such, the plaintiff's decision to bring suit in the district where defendant was headquartered was entitled to deference. *Id*.

While Plaintiffs acknowledge that this action could have been brought in the Southern District of Florida, this case is a putative FLSA collective action, and it has been recognized, including by this Court (*see* pages 5 and 7 below), that collective action members will be spread across the country. Thus, the proper forum would be this Court because Morgan Stanley is headquartered here, Class Counsel is located here, and the facts and witnesses relevant to issues such as Defendants' willfulness and lack of good faith in making the corporate-wide policy decisions at issue in this case will be found in New York (*see* pages 6 ,8, 10 and 11). Further, since the filing of Defendants' motion, an additional opt-in Plaintiff (Scott Belshaw) has joined this litigation. He has no connection with Florida. He is from California, stymieing Defendants' argument that Florida is the only district in which the Plaintiffs reside and where the operative facts involved in this litigation are located.

Notably, Defendants cite *Rindfleisch v. Gentiva Health Sys., Inc.*, 752 F. Supp. 2d 246, 255-56 (E.D.N.Y. 2010), one of many cases (*see* note 4, below) recognizing that corporate

3

headquarters can be the proper venue for a nationwide FLSA action and that court transferred a collective action FLSA case to the district where the defendant's primary corporate headquarters was located.

In this respect, Defendants also rely on *Amick v. Am. Express Travel Related Servs. Co.*, 2010 U.S. Dist. LEXIS 6483 (S.D.N.Y. Jan. 26, 2010). But as Judge Wood last month noted, that case presented an exceptional circumstance because the decision was strongly grounded in the fact that it (unlike this case, or *Rindfleisch*) contained state-specific wage and hour Rule 23 class actions claims: "[w]hen state law claims predominate and the heart of those claims focus on a particular state, courts will even transfer a case *away* from a corporate headquarters." *Morris v. Ernst & Young, LLP*, 2012 U.S. Dist. LEXIS 129414 at *12-13 n.2 (S.D.N.Y. Sept. 11, 2012) (emphasis in original; discussing *Amick*).[2] The complaint here does not allege any violation of Florida state law or any other state law claim, but only alleges Defendants' violations of the FLSA. *See also Martignago v. Merrill*

---

[2] Judge Wood's decision in *Morris*, in turn, was plainly and most substantially driven by the fact that the New York filing there was driven by an attempt to end-run a series of years of previous adverse decisions in effectively identical cases in the Northern District of California and that the plaintiffs (and their counsel) and to take advantage of a specific recent decision in this court addressing arbitration. *See Morris*, *passim* & at *19 ("Only a few short weeks after this Court's decision in *Sutherland* [the arbitration case], Morris brought his action in *this* Court rather than refiling in California."). Inasmuch as Morgan Stanley repeatedly cites to *Morris,* it is worth noting the many other reasons that make the case inapposite here. In *Morris*, the case was initially filed in 2005 in California state court and removed to the Northern District of California, with the Plaintiffs alleging violations of the FLSA and the California Labor Code ("CLC"). In 2012, before the court denied certification based on the inadequacies of the existing class representative, plaintiff Morris brought suit in the Southern District of New York and Defendants then moved to transfer the *Morris* action to California where the other identical suit was still pending. *Morris* is thus very unlike this case in that the litigation was originally filed in a district court outside New York, dealt with previously filed related litigations, had been ongoing for seven years, and included a state law claim in addition to the Plaintiffs' FLSA claim. In addition to looking at the duties that the plaintiffs actually performed, Judge Wood also based her decision to transfer on the fact that the relevant New York based witnesses had already been deposed in relation to this case and that other plaintiffs had been litigating claims against the defendant in relation to this case in California for years, which "indicates that proximity to [defendants] New York headquarters is of little consequence." *Morris*, 2012 U.S. Dist. LEXIS 129414 at *11.

*Lynch & Co., Inc.*, 2012 U.S. Dist. LEXIS 4365 at *20 n.5 (S.D.N.Y. Jan. 13, 2012) (also distinguishing *Amick* on this basis).

Courts also recognize, as did Judge Jones last year, "that Plaintiff's choice of forum in a FLSA collective action is entitled [to] *more* deference than the choice of forum in *Rule 23* national class actions." *Koslofsky v. Santaturs*, *Inc.*, 2011 U.S. Dist. LEXIS 9386 at *7 (S.D.N.Y. Aug. 18, 2011) (denying motion to transfer venue from plaintiffs' choice of the Southern District of New York; emphasis supplied). This is because "the 'opt-in' structure of collective actions under § 216(b) of the FLSA strongly suggests that Congress intended to give plaintiffs considerable control over the bringing of a FLSA action." *Id.* at *6 (quotation and additional citations omitted, including decisions denying motion to transfer putative FLSA collective actions). *Accord also, e.g., Johnson v. VCG Holding Corp.*, 767 F. Supp. 2d 208, 216 (D. Me. 2011) (same).[3]

Defendants also contend that Plaintiffs are forum shopping by filing the complaint in the Southern District of New York. While they cite *Morris* for this proposition, *Morris* is distinguishable on its fact*, see* note 2, above, and Defendants can point to no such impetus here. Rather, this Court has consistently held that the location of a party's corporate headquarters in New York "represents a perfectly good reason, not necessarily related to forum shopping, for it to have brought its action here." *Findwhat.Com v. Overture Services, Inc.*, 2003 U.S. Dist. LEXIS 2450 at *12 (S.D.N.Y. Feb. 21, 2003).

---

[3] While, admittedly, some decisions have found the fact that cases may be nationwide in putative scope, including FLSA actions, might diminish the deference paid to choice of forum, the point that FLSA opt-ins will also get to choose their preference as to forum which Judge Jones recognized in *Koslofksy* is usually not addressed in these decisions.

### III. Factors (2), (4) And (5): The Convenience Of The Witnesses And Parties Weighs In Favor Of Maintaining The Case In New York As Does The Locus Of Operative Facts.

Morgan Stanley primarily seeks to meet its burden on transferring this case by arguing about the location of witnesses and parties. Yet, Defendants have pointed only to witnesses that could testify about relevant issues relating to three Florida Plaintiffs in this case (and only five of the six of those still reside in Florida; the six person now residing in North Carolina, which is closer to New York than it is to Miami). *See* Lloyd Decl. ¶ 3-16. Indeed, the declarant they put forward, Ms. Lloyd, is herself from outside Florida.

Moreover, since Defendants filed their motion, Mr. Belshaw has joined this case, and he resides in California. Certainly, the witnesses who would be knowledgeable about his claims are going to reside in California (in addition to New York), and not in Florida. And, no less certainly, a substantial number of FAAs will work in New York (and no less conveniently in, say, New Jersey and Connecticut). Defendants have not alleged that any other individual within Morgan Stanley's corporate hierarchy would have information relating to the Florida or California Plaintiffs' claims (or any opt-ins from other States) that they are entitled to overtime compensation.

Most importantly, this case will focus not just on the practices of the individual branch locations, but no less pertinently on the corporate decisions and directives pursuant to which Morgan Stanley established, implemented and directed its pay practices. As alleged in this collective action Complaint, Morgan Stanley had a company-wide policy or practice that resulted in the failure to accurately record hours and pay overtime compensation to all similarly situated FAAs, not just the Plaintiffs – and that evidence, along with the relevant witnesses, will be located in New York. In any FLSA case, corporate decision-making is of utmost importance for

6

making the willfulness and good cause determinations that determine whether there will be liquidated damages and a three year statute of limitations.  29 U.S.C. § 216(b); 29 C.F.R. 578.3(c); *see generally Stillman v. Staples, Inc.*, 2009 U.S. Dist. LEXIS 42247, at *15-22 (D.N.J. May 15, 2009), at *78-82 (explicating law).  In one recent similar case, a plaintiff from South Florida filed a putative FLSA nationwide collective action in the district where the defendant was headquartered, and the defendant sought to transfer the case to the district where the plaintiff resided, the court was not persuaded by defendant's motion to transfer, finding that, "because this is a collective action, the Court cannot view the venue issue solely by considering the parties presently before the Court."  *Nash v. CVS Caremark Corp.*, 2009 U.S. Dist. LEXIS 63678 at *4 (D.R.I. July 1, 2009).  In *Nash*, despite the fact that the defendants identified 12 potential witnesses, all but one of whom lived in Florida, the court agreed with the plaintiff that the state of the defendants' corporate headquarters in Rhode Island was the appropriate venue because "in an FLSA collective action, the core issues revolve around the corporate decisions made by the defendant." *Id*. *2 (citations omitted; referring specifically to the exemption decision at issue). Thus, the court found that "in light of the fact that the case is a collective action, Plaintiff's reasoning for filing the case in the forum where the Defendants' national retail operation has its headquarters is logical" and denied transfer to Florida.  *Id*. *3.

Indeed, cases transferring FLSA actions to a defendant's home forum are almost legion and arise in all areas of FLSA claims.[4] In a case with almost identical facts regarding overtime

---

[4] *See, e.g., Rindfleisch*, 752 F. Supp. 2d at 255-56 (Where the testimony that FLSA witnesses would provide mainly concerned the day-to-day operations of individual branches in New York State and the Plaintiffs' case focused upon the allegation that defendant had a "corporate policy" of paying certain types of workers under an allegedly unlawful pay-per-visit compensation scheme, the Court found that the testimony that would be more critical and extensive is likely to be provided by the parties and witnesses residing where the defendant is headquartered and its executives who set company-wide policies are based); *Farrior v. George Weston Bakeries Distrib.,* 2009 U.S. Dist. LEXIS 2636, at *10 (E.D.N.Y. Jan. 15, 2009) (where FLSA collective action raised questions about defendant company's

owed to financial service associates, Judge Gardephe concluded, in considering the location of witnesses, that as a general rule FLSA cases are appropriately venued where the employer is located:

> Where a plaintiff asserts -- on behalf of herself and a nationwide collective class -- FLSA violations flowing from a corporate policy mandating an allegedly unlawful compensation scheme, courts generally conclude that the "more critical and extensive [testimony] is likely to be provided by the parties and witnesses residing . . . where [the company] is headquartered and [where the] executives who set company-wide policies are based."

*Martignago v. Merrill Lynch & Co., Inc.*, 2012 U.S. Dist. LEXIS 4365 at *16 (S.D.N.Y. Jan. 13, 2012) (quoting *Rindfleisch*, 752 F. Supp.2d at 256). Here, like Merrill Lynch in *Martignago*, Morgan Stanley is located in New York, which means that the core corporate decisions about how to compensate FAAs during the pre-production training period were made in New York, and those decision makers likely still reside in New York. Just as in *Martignago*, Plaintiffs here assert that the relevant overtime decisions were made pursuant to a company-wide policy and practice. *See* Complaint at ¶¶ 4, 10, 41. Thus, while, just as here, Merrill Lynch argued in *Martignagno* that Texas was the appropriate venue to send the case (because co-workers and managers of the plaintiffs were located there), this contention was rejected because, "[b]ased on the allegations of the Amended Complaint, however, it appears that the most material testimony

---

compensation policies and practices, transfer to district where defendant's headquarters were located was warranted because, *inter alia,* substantial aspects of those policies were developed by individuals at corporate headquarters); *Earley v. BJ's Wholesale Club, Inc.,* 2007 U.S. Dist. LEXIS 40125, at *7 (S.D.N.Y. June 4, 2007) (transfer of FLSA action to district where defendant's headquarters were located was appropriate where key issue in case was nature and implementation of company-wide overtime policies); *Evancho v. Sanofi–Aventis U.S. Inc.,* 2007 U.S. Dist. LEXIS 35500, at *10 (N.D. Cal. May 3, 2007) (in FLSA case seeking unpaid overtime, the court transferred action to the District of New Jersey, on the grounds that "many of the key witnesses [were] located in defendant's New Jersey headquarters, as well as critical documents and other evidence. Defendant state[d] that the key operational and administrative personnel who would testify as to payroll practices and company policies regarding the positions at issue [were] in New Jersey.... The majority of these individuals, though not all of them, work[ed] in defendant's Bridgewater, New Jersey headquarters."); *Jones v. Walgreen, Co.,* 463 F. Supp. 2d 267, 276–77 (D. Conn. 2006) (where company-wide policy was basis for complaint, transfer was appropriate to district where defendant-company was headquartered and where "a disproportionate number of managers and corporate employees involved in the development and implementation of ... [the] decisions and policies" at issue were located).

8

is likely to come from witnesses based at Merrill Lynch's New York headquarters" – a conclusion as applicable here as in that case. 2012 U.S. Dist. LEXIS 4365, at *16. *Accord also Pippins v. KPMG LLP*, 2011 U.S. Dist. LEXIS 30678, at *11-12 (S.D.N.Y. Mar. 21, 2011) (refusing to transfer FLSA case from the Southern District because case had been filed in this Court and defendant was located here).

Morgan Stanley's Florida-centric focus also causes it to contend that the Southern District of Florida is the "center of gravity of the litigation" because that is where the named Plaintiff and opt-in Florida plaintiffs worked. However, this factor is either neutral or favors Plaintiffs. As Judge McMahon has written, in dealing with FLSA cases involving a putative nationwide scale, "there is not one location that is the 'center of gravity of the litigation.'" *Pippins,* 2011 U.S. Dist. LEXIS 30678 at *13 (also noting that "[i]n a top-down corporate structure, the locus of operative facts is the location where policy is determined, corporate headquarters."). Yet, to the extent that any one district might be considered to represent a center of gravity, then it would be this Court for, as Judge Gardephe concluded in *Martigagno*, "[b]ecause [p]laintiff's claims focus on the nature and implementation of Defendant[s'] company-wide policies and not those of the [branch] in particular, it is likely that most discovery will take place at [Merrill Lynch's] headquarters in [New York]." *Martigagno*, 2012 U.S. Dist. LEXIS 4365 at *23 (concluding this factor favored the Southern District; quotation omitted). In coming to this conclusion, this Court relied on its previous decision in *Earley v. BJ's Wholesale Club, Inc.*, *supra*, a ruling that held because defendant's national overtime policies were determined at its headquarters and many of the documents and executives relevant to discovery are located at the company headquarters, the locus of operative fact would be that location rather than any individual location. 2007 U.S. Dist. LEXIS 40125 at *7.

9

Morgan Stanley also claims that it would be a significant and overwhelming inconvenience to have individuals travel to New York to litigate this dispute.  Of course, this contention is based upon Morgan Stanley's looking solely to witnesses relating to the first opt-ins and ignores the two most recent opt-ins and any corporate-level executives.  As to location of witnesses, Morgan Stanley has not suggested that any witnesses it may wish to call — whoever they may be — would include anyone other than their own employees. "[E]mployees of the parties will, as a practical matter, be available in any venue by virtue of the employment relationship." *Glass v. S & M NuTec, LLC*, 456 F. Supp. 2d 498, 504 (S.D.N.Y. 2006).  Nor is Morgan Stanley, a global corporation with $32.4 billion in net revenue (according to its most recent 10-K) likely to suffer any unusual expense or inconvenience in transporting employees from Florida to New York City; indeed, it is quite likely that every day Morgan Stanley flies corporate executives from across the country to New York.  *See Medien*, 749 F. Supp. 2d at 190 (court determined it was not an inconvenient or unusual expense for company to transport employees from California to New York).  As *Pippins* thus concluded, "While the individual managers from various regional KPMG offices would certainly be relevant witnesses, the key witnesses in this case are the architects of the policy, who work in New York City.  This district would be the most convenient forum for these witnesses.  Additionally, Plaintiffs would certainly be prejudiced if they could not compel these witnesses to testify to the development of this policy.  These factors tilt the scales in favor of the Plaintiffs." *Pippins*, 2011 U.S. Dist. LEXIS 30678 at *12.  These words fully apply here, as well.

On the other hand, as to the putative collective action members, in the vast majority of instances in this Circuit they are deposed where they reside (which favors no specific venue).  Beyond that they would be able to choose whether to opt-into this New York case (and if they do

10

so, it can hardly be considered inconvenient for them) and inasmuch as the claims are nationwide in the putative collective action scope, neither Florida nor New York can possibly be said, at this point, to be more convenient.

In short, all of these factors weigh in favor of venue in this Court and do not, in any event, weigh in favor of the Southern District of Florida.

### IV. Factor (3): The Location Of Relevant Documents And Relative Ease Of Access To Sources Of Proof Weighs In Favor Of Maintaining The Action In New York

As for the location of the relevant documents and sources of proof, "[i]n an era of electronic documents, easy copying and overnight shipping, the location of documents and other evidence assumes much less importance than it did formerly." *Capitol Records, LLC v. VideoEgg, Inc.*, 611 F. Supp. 2d 349, 368 (S.D.N.Y. 2009); *accord Pippins*, 2011 U.S. Dist. LEXIS 30678 at *12. While this is a largely neutral factor in contemporary venue analysis, the likely location of relevant corporate documents is Morgan Stanley's New York headquarters which, if anything, favors venue in this Court. *See In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 396 (S.D.N.Y. 2006) (documents relating to Defendant's corporate policies were located at their headquarters and even though there were other locations where relevant documents might be found, the court found it was at least marginally more convenient to conduct the litigation in the district where most of the relevant documents were located.)

### VI. Factor (6): The Availability Of Process To Compel The Attendance Of Unwilling Witnesses Weighs In Favor Of Maintaining The Action In New York

As to this factor, Defendants rely solely on Fed. R. Civ. P. 45(b)(2), (c)(3) & (e) which allows a district court to enforce a trial subpoena served on a witness within the state or within 100 miles of the court. To the extent that Defendants' Florida witnesses are Morgan Stanley employees, Morgan Stanley presumably can compel the testimony of their employees without

11

requiring a subpoena. *Walker v. Jon Renau Collection, Inc.,* 423 F. Supp. 2d 115, 119 (S.D.N.Y. 2005) ("[t]he availability of process to compel attendance of unwilling witnesses ... is neutral in this case since defendant can compel the testimony of its own employees without resorting to a subpoena, and plaintiff has not specified any probable third-party witnesses under the subpoena power of this Court").[5] On the other hand, as to corporate-level witnesses of Morgan Stanley, "Plaintiffs would certainly be prejudiced if they could not compel these witnesses to testify to the development of [the relevant policies at issue]." *Pippins*, 2011 U.S. Dist. LEXIS 30678 at *12. Accordingly, transfer to the Southern District of Florida would prejudice Plaintiffs and this factor favors denying the motion. *Id.*

### VII. Factor (7): The Relative Means Of The Parties Favors Maintaining The Action In New York

This factor favors, if anyone, Plaintiffs. As Judge McMahon succinctly addressed this point in *Pippins*, "The relative means of the parties is a factor that weighs heavily in favor of Plaintiffs. The Plaintiffs are individual employees of the Defendant, a multi-billion dollar international enterprise." *Pippins*, 2011 U.S. Dist. LEXIS 30678 at *13. The same is true here.

### VIII. Factor (8): The Forum's Familiarity With Governing Law Is Neutral

"A court may consider the forums' familiarity with the governing law; however, this factor is one of the least important factors in determining a motion to transfer...." *Martignago*,

---

[5] *See also A & A Jewellers Ltd. v. Commemorative Brands. Inc.,* No. 03–CV–0651E(F), 2004 WL 912929, at *1 (W.D.N.Y. Mar.30, 2004) ("With respect to ... the availability of process to compel witnesses to testify at trial—[defendant] has not identified any witnesses who are unwilling to travel to this district to testify. Indeed, [defendant's] witnesses are its own employees, whom [defendant] will presumably make available for trial."); *Schnabel v. Ramsey Quantative Sys.,* 322 F. Supp. 2d 505, 518 (S.D.N.Y. 2011) ("the availability of process to compel attendance of unwilling witnesses ... is mostly irrelevant as it appears that all of [defendant's] witnesses are its officers and employees"); *Payne v. Taylor Vision Resources,* 2003 WL 22218142, at *3 (D. Conn. Sept 23, 2003) ("as to the availability of process to compel attendance of unwilling witnesses, the defendants have failed to make a specific showing that any significant non-party witness would be unwilling to travel to Connecticut ... to testify.... As to witnesses who are employees of the defendants, the defendants are in a position to facilitate travel to Connecticut by any unwilling employees. Thus, this factor weighs slightly in favor of plaintiffs.").

2012 U.S. Dist. LEXIS 4365 at *26 (citation omitted). This Court and the Southern District of Florida "are equally familiar with, and capable of applying, the legal principles necessary to adjudicate plaintiffs' federal FLSA claims." *Id*. (citing *Rindfleisch,* 752 F.Supp.2d at 26). This factor is also accordingly neutral. *Accord Pippins*, 2011 U.S. Dist. LEXIS 30678 at *13.

    **IX.**    **Factor (9): The Interests Of Justice And Efficiency Are Neutral**

Defendants claim that maintaining this case in the Southern District of New York would unfairly burden the Court and people of New York to adjudicate this "Florida-based dispute." Defendant is simply grasping at straws here since, the case is national in scope and a substantial percentage of the putative collective's members reside in New York.

Similarly, with respect to the relative docket conditions and backlog of cases amongst the two districts in question, this not particularly significant and this Court certainly is effective at moving cases along expeditiously. *See Rindfleisch*, 752 F. Supp. 2d at 262. While Morgan Stanley points out that the Southern District of Florida has fewer cases and has a shorter time to trial period, there no relevant case law to suggest that because the Southern District of New York handles more cases than the Southern District of Florida that Plaintiffs should be forced to transfer their case to Florida when it rightfully belongs in this District. At least in terms of FLSA cases, this Court has more than proven its ability to move such cases expeditiously.

## X. CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that Defendants' Motion to Transfer Venue to the Southern District of Florida be denied, as this District is clearly the most convenient forum given the location of Defendants' headquarters and the diverse national spectrum of the putative opt-in Plaintiffs.

Dated:  October 3, 2012                           Respectfully submitted,

                                                  s/ Seth R. Lesser
                                                  _____
                                                  Seth R. Lesser
                                                  **KLAFTER, OLSEN & LESSER, LLP**
                                                  Seth R. Lesser
                                                  Fran L. Rudich
                                                  Michael J. Palitz
                                                  Brett Gallaway
                                                  Two International Drive, Suite 350
                                                  Rye Brook, NY 10573
                                                  Telephone:    (914) 934-9200
                                                  Facsimile:    (914) 934-9220

                                                  **SHAVITZ LAW GROUP, P.A.**
                                                  Gregg I. Shavitz (admitted *pro hac vice*)
                                                  Susan H. Stern (admitted *pro hac vice*)
                                                  1515 South Federal Highway, Suite 404
                                                  Boca Raton, FL 33432
                                                  Telephone:    (561) 447-8888
                                                  Facsimile:    (561) 447-8831

                                                  ***Attorneys for Plaintiffs and the Putative Class***

**CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record who have consented to electronic notification. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

                                                               s/ Seth R. Lesser
                                                                 Seth R. Lesser