**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

---

FRED DEVRIES and RUBY TEICH, individually
and on behalf all others similarly situated,

                         Plaintiffs,

        v.

MORGAN STANLEY & CO. LLC,
f/k/a Morgan Stanley & Co. Incorporated,
MORGAN STANLEY SMITH BARNEY LLC,
and MORGAN STANLEY,

                         Defendants.

Case No. 9:12-cv-81223-KAM

---

**AMENDED COMPLAINT**

Plaintiffs FRED DEVRIES and RUBY TEICH, individually and on behalf of all others similarly situated, by their attorneys, for their amended complaint against Defendants MORGAN STANLEY & CO. LLC, MORGAN STANLEY SMITH BARNEY LLC and MORGAN STANLEY (collectively "Morgan Stanley" or Defendants) allege as follows:

**NATURE OF THE ACTION**

1.  Plaintiffs bring this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA") on behalf of all current and former pre-production Financial Advisor Associates ("FAAs") who work and/or worked for Morgan Stanley within the United States (the "Collective Action Members"). Morgan Stanley violated the FLSA by failing to pay Plaintiffs and members of the Collective overtime premiums. Plaintiffs and the members of the Collective Action are entitled to unpaid overtime wages for hours worked above 40 in a workweek, and are also entitled to liquidated damages pursuant to the FLSA.

2.      Morgan Stanley is a financial services company that provides brokerage and related products and services to millions of investors nationwide.

3.      Morgan Stanley employs FAAs at branch locations nationwide.

4.      Morgan Stanley classifies its FAAs as non-exempt during an approximately five to six month training or "pre-production" period.

5.      During the pre-production training period, while they are classified as non-exempt, FAAs' duties include the completion of the required FAA Training Program course work, studying for and passing the Series 7 exam, studying for and passing the Series 66 exam, studying for and passing the FAA Pre-Production Assessment exams, attending meetings, completing all FAA Training Program curriculum requirements and attending national performance sessions.

6.      Pursuant to a company-wide policy and practice, Morgan Stanley uniformly failed to accurately track or record actual hours worked by FAAs during the pre-production training period.  Morgan Stanley furthered this wrongful policy by: (i) instructing its FAAs not to track all hours they worked but instead, to record only their scheduled hours; (ii) instructing its FAAs not to record overtime hours worked; (iii) failing to provide its FAAs with a method to accurately record the hours they actually worked; and, (iv) requiring FAAs to understate the number of hours they actually worked.  In willful disregard of federal wage and hour law, Morgan Stanley failed and refused to pay Plaintiffs and all other similarly situated FAAs for all hours worked, as well as overtime premium pay.

7.       Morgan Stanley's systematic failure and refusal to pay Plaintiffs and all other similarly situated FAAs for all hours over 40 in a workweek violates the FLSA.

8.      Plaintiffs allege on behalf of themselves and other current and former pre-production FAAs and similarly situated current and former employees, however variously titled, employed by Morgan Stanley in the United States, who elect to opt into this action pursuant to the FLSA that they are: (i) entitled to unpaid wages for all hours worked including those above 40 in a workweek, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

**THE PARTIES**

*Plaintiff Fred Devries*

9.      Plaintiff FRED DEVRIES ("Devries") was employed by Morgan Stanley as an FAA from in or about June 2011 to May 2012 at Morgan Stanley's branch location in Boca Raton, Florida.

10.      Devries regularly worked more than 40 hours in a workweek for Morgan Stanley's benefit during the pre-production training period.  Pursuant to Morgan Stanley's policy, pattern or practice, Devries was not paid proper compensation for all hours worked including overtime compensation for all hours worked over 40.

11.      Devries' written consent to join this action was filed in this case on August 8, 2012.

*Plaintiff Ruby Teich*

12.      Plaintiff RUBY TEICH  ("Teich") was employed by Morgan Stanley as an FAA from in or about August 2011 to July 2012 at Morgan Stanley's branch location in Boca Raton, Florida.

13.     Teich regularly worked more than 40 hours in a workweek for Morgan Stanley's benefit during the pre-production training period.  Pursuant to Morgan Stanley's policy, pattern or practice, Teich was not paid proper compensation for all hours worked including overtime compensation for all hours worked over 40.

14.     Teich's written consent to join this action was filed in this case on August 16, 2012.

*The Defendants*

15.     MORGAN STANLEY & CO. LLC, f/k/a Morgan Stanley & Co. Incorporated, is a Delaware limited liability company with its principal place of business in New York, New York.  It is a wholly owned subsidiary of Defendant MORGAN STANLEY.

16.     MORGAN STANLEY SMITH BARNEY LLC is a Delaware limited liability company with its principal place of business in New York, New York.  It is a partially owned subsidiary of Defendant MORGAN STANLEY.

17.     MORGAN STANLEY is a Delaware bank holding company, registered with the New York Stock Exchange, among other regulatory agencies and authorities. MORGAN STANLEY has its principal place of business in New York, New York.

18.     MORGAN STANLEY is a parent company of Defendants MORGAN STANLEY & CO. LLC and MORGAN STANLEY SMITH BARNEY LLC.

19.     Each Defendant does business under the trade name or mark of "Morgan Stanley."

20.     Each Defendant is a financial services company that provides brokerage and related products and services to millions of investors nationwide.

4

21.     Each Defendant employed or acted in the interest of an employer towards Plaintiffs and other similarly situated current and former FAAs and, directly or indirectly, jointly or severally, including, without limitation, directly or indirectly controlling and directing the terms of employment and compensation of Plaintiffs and other similarly situated current and former FAAs.  Upon information and belief, the Defendants operate in concert and together in a common enterprise and through related activities, as here relevant, so that the actions of one may be imputed to the other and/or so that they operate as joint employers within the meaning of the FLSA.

22.     Each Defendant had the power to control the terms and conditions of employment of Plaintiffs and other similarly situated current and former FAAs including, without limitation, those terms and conditions relating to the claims alleged herein.

23.     Defendants jointly employed Plaintiffs and other similarly situated current and former FAAs.

### JURISDICTION AND VENUE

24.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1337.

25.     In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

26.     The amount in controversy in this matter exceeds the sum or value of $5,000,000.00, exclusive of interest and costs.

27.     At least one member of the proposed class is a citizen of a state different from that of at least one Defendant.

28.     Plaintiffs' claims involve matters of national or interstate interest.

29.     Citizenship of the members of the proposed class is dispersed among a substantial number of states.

30.     Upon information and belief, greater than two-thirds of the members of all proposed Collective Action Class members in the aggregate are not citizens of the same state.

31.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

32.     Each Defendant is subject to personal jurisdiction in Florida.

33.     Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) since a substantial part of the events or omissions giving rise to the claims in this complaint occurred within this District.

34.     Each Defendant is a covered employer within the meaning of the FLSA, and has had gross revenues exceeding $500,000.00 for all relevant time periods.

## COLLECTIVE ACTION ALLEGATIONS

35.     Plaintiffs bring their FLSA claims on behalf of themselves and all similarly situated persons who elect to opt into this action who work or have worked for Morgan Stanley as pre-production FAAs between the date three years before the filing of this action and the date of final judgment in this matter (the "Collective Action Period").

36.     Morgan Stanley is liable under the FLSA for, *inter alia*, failing to properly compensate the Collective Action Members.  There are believed to be thousands of similarly situated current and former FAAs, who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  Those similarly situated FAAs are known to Morgan Stanley, are readily identifiable, and can be located through

6

Morgan Stanley's records. Notice should be sent to the FLSA Collective Action Members pursuant to 29 U.S.C. § 216(b).

37. Plaintiffs and the Collective Action Members, all of whom regularly worked more than 40 hours in a workweek, were employed by Morgan Stanley as FAAs.

38. Morgan Stanley failed to pay Plaintiffs and the Collective Action Members for all hours worked as well as overtime compensation for the hours they worked over 40 in a workweek.

39. Morgan Stanley failed to keep accurate records of all hours worked by Plaintiffs and the Collective Action Members.

40. Throughout the relevant periods, it has been Morgan Stanley's policy, pattern or practice to require, suffer, or permit Plaintiffs and the Collective Action Members to work in excess of 40 hours per week without paying them overtime wages for all overtime hours worked.

41. The work that Plaintiffs and the Collective Action Members have performed was assigned by Morgan Stanley or Morgan Stanley was aware of the work they performed.

42. The work performed by Plaintiffs and the Collective Action Members constitutes compensable work time under the FLSA and was not preliminary, postliminary or *de minimus*.

43. Plaintiffs and the Collective Action Members performed the same primary job duties, which are non-exempt.

44. Morgan Stanley has intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA and applicable state laws with respect to Plaintiffs and the Collective Action Members, which policy, pattern or practice was authorized, established, promulgated, and/or ratified by Defendants' corporate headquarters. This policy, pattern or practice includes but is not limited to:

a.      willfully failing to record all of the time the Plaintiffs and the Collective Action Members have worked for the benefit of Morgan Stanley;

b.      willfully failing to keep accurate time records as required by the FLSA or applicable state wage and hour laws;

c.      willfully failing to credit Plaintiffs and the Collective Action Members for all hours worked including overtime hours, consistent with the requirements of the FLSA; and

d.      willfully failing to pay Plaintiffs and the Collective Action Members wages for all hours worked including overtime wages for hours that they worked in excess of 40 hours per workweek.

45.     Morgan Stanley is aware or should have been aware that the FLSA requires them to pay Plaintiffs and the Collective Action Members an overtime premium for hours worked in excess of 40 hours per workweek.

46.     Morgan Stanley's unlawful conduct has been widespread, repeated, and consistent.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act:  Unpaid Overtime Wages**
**Brought on Behalf of Plaintiffs and Similarly Situated Current and Former**
**FAAs Against All Defendants**

47.     Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 46 above.

48.     Morgan Stanley has engaged in a widespread policy, pattern or practice of violating the FLSA in regard to Plaintiffs and the Collective Action Members, as detailed in this Complaint.

8

49.	At all relevant times, Plaintiffs and the Collective Action Members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

50.	The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Morgan Stanley.

51.	Morgan Stanley is an employer of Plaintiffs and the Collective Action Members and is engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

52.	At all relevant times, Plaintiffs and the Collective Action Members were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

53.	Morgan Stanley has failed to pay Plaintiffs and the Collective Action Members overtime wages to which they were entitled under the FLSA.

54.	Morgan Stanley has failed to keep accurate records of time worked by Plaintiffs and the Collective Action Members.

55.	Morgan Stanley's violations of the FLSA, as described in this Amended Complaint, have been, and continue to be, willful and intentional.

56.	Morgan Stanley did not make a good faith effort to comply with the FLSA with respect to its timekeeping and compensation of Plaintiffs and the Collective Action Members.

57.	Because Morgan Stanley's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255, as it may be further extended or tolled by agreement, equity or operation of law.

58.     As a result of Morgan Stanley's willful violations of the FLSA, Plaintiffs and the Collective Action Members have suffered damages by being denied overtime wages in accordance with the FLSA, in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and expenses pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated FLSA Collective Action Members, pray for the following relief:

A.     At the earliest possible time, Plaintiffs should be allowed to give notice of this collective action, or the Court should issue such notice, to all Collective Action Members.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper overtime wages;

B.     Unpaid wages and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201 *et seq.* and the supporting United States Department of Labor regulations and the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

C.     Equitable tolling of the FLSA statute of limitation as a result of the Defendants' failure to post requisite notices under the FLSA;

D.     Pre-judgment interest;

E.     Attorneys' fees and costs of the action, including expert fees; and

F.     Such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial

by jury on all questions of fact raised by this Amended Complaint.


Dated: May 15, 2013
      Boca Raton, Florida

Respectfully submitted,

**/s/SUSAN H. STERN**
Susan H. Stern, Esq.
Florida Bar No. 857726
E-mail: sstern@shavitzlaw.com
Gregg I. Shavitz, Esq.
Florida Bar No. 11398
E-mail: gshavitz@shavitzlaw.com
Paolo C. Meireles, Esq.
Florida Bar. No.: 91551
E-mail: pmeireles@shavitzlaw.com
**SHAVITZ LAW GROUP, P.A.**
1515 S. Federal Hwy., Suite 404
Boca Raton, Florida 33432
Telephone: 561-447-8888
Facsimile:  561-447-8831

Seth R. Lesser, Esq. (admitted *pro hac vice*)
E-Mail: Seth@klafterolsen.com
Fran L. Rudich, Esq. (admitted *pro hac vice*)
E-Mail: fran@klafterolsen.com
Michael J. Palitz, Esq. (admitted *pro hac vice*)
E-Mail: mpalitz@klafterolsen.com
Rachel Aghassi, Esq. (admitted *pro hac vice*)
E-mail: rachel.aghassi@klafterolsen.com
**KLAFTER OLSEN & LESSER, LLP**
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: 914-934-9200 x303
Facsimile:  914-934-9220

***Attorneys for Plaintiff and the Putative Class***

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of Court using CM/ECF on **May 15, 2013**. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

**/s/SUSAN H. STERN**
Susan H. Stern, Esq.

## SERVICE LIST
*DeVries v. Morgan Stanley & Co, LLC*
**CASE NO.: 9:12-cv-81223-KAM**
**United States District Court for the Southern District of Florida**

Anne Marie Estevez, Esq.
Florida Bar No. 991694
E-mail: aestevez@morganlewis.com
Annika E. Ashton, Esq.
Florida Bar No. 53970
E-mail: aashton@morganlewis.com
Mark E. Zelek, Esq.
Florida Bar No. 667773
E-mail:  mzelek@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
200 South Biscayne Boulevard, Suite 5300
Miami, FL 33131
Telephone: (305) 415-3330
Facsimile:  (305) 415-3001

Thomas L. Linthorst, Esq. (admitted *pro hac vice*)
E-mail: tlinthorst@morganlewis.com
Michelle Seldin Silverman (admitted *pro hac vice*)
E-mail: msilverman@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
502 Carnegie Center
Princeton, NJ 05840
Telephone: (609) 919-6642
Facsimile:  (609) 919-6701

*Attorneys for Defendants*
**Served via CM/ECF**

12