UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-81223-CIV-MARRA/MATTHEWMAN

FRED DEVRIES and RUBY TEICH, individually
and on behalf of all others similarly situated,

    Plaintiffs,

    v.

MORGAN STANLEY & CO. LLC, f/k/a Morgan
Stanley & Co., Incorporated, MORGAN STANLEY
SMITH BARNEY LLC, and MORGAN STANLEY,

    Defendants.
_____/

FILED by KZ D.C.
ELECTRONIC

June 26, 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## ORDER ON DEFENDANTS' CORRECTED MOTION TO COMPEL

THIS CAUSE is before the Court upon Defendants' Corrected Motion to Compel Plaintiffs' and Opt-ins' Responses to Request for Production of Documents and Subpoenas Duces Tecum, filed on June 6, 2013 [DE 71].[1]  Plaintiffs filed a response on June 19, 2013 [DE 75].  The Court heard argument on June 24, 2013, and the matter is now ripe for disposition.

At issue in this discovery dispute are two discrete demands:

**Request No. 4 (Request for Production) to Plaintiff Fred Devries:** *All documents that you have in your possession, custody, or control relating to efforts by you or your attorneys to solicit or obtain additional individuals to join this Action* ("Request 4")

**Request No. 10 (Subpoena Duces Tecum) to Plaintiff Teich and Opt-in Plaintiffs Belshaw, Jasperse, Aversano, and Munsell:** *All documents relating to any communications (written or oral) involving you, any prospective or actual plaintiffs in*

---

[1] Defendants originally filed their motion on June 3, 2013, *see* DE 70, but subsequently filed a corrected one to comply with the dictates of the Court's order on discovery procedures.  The Court has not considered the original motion.

1

> *this case (whether identified or unidentified), or any current or former employee of Defendants regarding such present or former employee's opting into, joining, participating, testifying, providing information, or otherwise becoming involved in any way in this action, including all documents responding to such communications.* ("Request 10")

The defendants' written motion seeks a complete response to Request 4 and Request 10. But at the hearing, Defendants' counsel explained that Defendant was specifically seeking to compel only copies of any emails or letters sent out by Plaintiffs' counsel that sought to recruit or solicit opt-in Plaintiffs to this litigation, and any responses thereto.[2] Accordingly, the Court will focus its analysis on this narrower request.[3]

## I.   The Information Requested, as Narrowed, is Relevant to Conditional Class Certification

The threshold question for any discovery request is relevance. A document or other object is properly discoverable if it is reasonably calculated to lead to the discovery of admissible evidence. *Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 695 (S.D. Fla. 2007). The parties have agreed on a discovery procedure whereby, in the first phase of discovery where the parties now find themselves, they may only discover information that is relevant to (1) the issue of whether the FLSA claims can be conditionally certified as a collective action and (2) the merits

---

[2] There was some discussion at the hearing about whether there existed a list compiled by plaintiffs' counsel containing the names and addresses of persons to whom plaintiffs' counsel sent solicitation letters or, alternatively, whether there existed a "mail merge file" containing the contact names and mailing addresses and/or e-mail addresses of those persons who received the solicitations. But defense counsel ultimately conceded that she was not seeking any list created by opposing counsel, but rather only copies of any mailed and emailed solicitation letters sent to potential opt-ins by plaintiff's counsel.

[3] The Court has considered the Plaintiffs' timeliness arguments and finds them to be without merit, at least to Request 10. Plaintiffs' response to Request 10 indicated, *inter alia*, that they possessed no responsive documents. Accordingly, the defendants would have reasonably assumed, as of March 19, 2013, that none of the plaintiffs had anything responsive to Request 10. It would have been futile, and perhaps even frivolous, to file a motion to compel something that the plaintiffs had asserted they did not have. It was not until later, during the depositions of the opt-in plaintiffs, that Defendants learned that Plaintiffs' counsel had sent a series of written solicitations to various potential plaintiffs in the action. Under those circumstances, and in light of the parties' conferral process, the Court concludes that Defendants' motion, originally filed June 3, 2013, is not untimely.

2

of Plaintiff Devries's claim.  Here, Plaintiffs argue that the solicitations sent out by their counsel are irrelevant to the issues in first-phase discovery.[4]  The process for conditional class certification at the so-called "notice" stage has been described as follows:

> . . . the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class.  If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in."  The action proceeds as a representative action throughout discovery.

*Hipp v. Liberty Natl. Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995)).   In an earlier case, the Eleventh Circuit affirmed the power of the district court to issue notice in a putative collective action. *See Dybach v. Fla. Dept. of Corrections*, 942 F.2d 1562, 1567 (11th Cir. 1991).  In remanding the *Dybach* case, however, our Court of Appeals paused to instruct the district court that if it was inclined to exercise the power to issue notice, it "should [first] satisfy itself that there are other employees of the department-employer who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Id.* at 1567–68.

Plaintiffs argue that the solicitation letters or e-mails their attorneys sent to prospective opt-ins are irrelevant to the limited issues the Court considers at the conditional certification stage.  In support of this argument, Plaintiffs present the Court with a number of cases from this district where the district judge declined to consider defendants' affidavits in ruling on a motion for conditional certification.  *See, e.g., Carmody v. Fla. Ctr. for Recovery*, *Inc.*, No. 05-14295-

---

[4] The parties have agreed to a bifurcated discovery regime in this case.  The first phase of discovery is limited to (1) the issue of whether Plaintiff's Fair Labor Standards Act claims can be conditionally certified as a collective action and (2) the merits of Plaintiff Fred Devries' claims.  Jt. Sched. Rpt. 2, Dec. 7, 2012, DE 42.  *See also* Sched. Ord., Dec. 11, 2012, DE 43.

3

CIV, 2006 WL 3666964, at *4 (S.D. Fla. Nov. 8, 2006) ("Defendant would have the Court indulge in a fact finding determination on the merits of whether the alleged payment practices took place and whether the putative plaintiffs conclusively are similarly situated. Neither of these determinations are proper at this point; the Plaintiff's complaint, motion, and supporting affidavits all allege facts sufficient to satisfy the Court's inquiry at this early stage of the litigation."). Defendants recognize that they face an uphill battle in opposing conditional certification; they maintain, however, that at this early stage of the litigation, they are still entitled to obtain any information that could reasonably help them defend against plaintiffs' certification motion. Defendants further argue that even if the information is not relevant to the issue of whether the class should be conditionally certified, it may be relevant to the scope of the class to whom the Court authorizes notice.

The Supreme Court and the Eleventh Circuit have both recognized that the decision to conditionally certify a purported collective action and issue court-approved notice is firmly committed to the discretion of the trial court. *See Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 172 (1989) (ADEA collective actions); *Hipp*, 252 F.3d at 1219; *Dybach*, 942 F.2d at 1567. Moreover, at least some district courts within this Circuit have considered defendants' affidavits when deciding whether to conditionally certify a class. *See, e.g., Holt v. Rite Aid Corp.*, 333 F.Supp.2d 1265, 1274 (M.D. Ala. 2004) (considering declarations presented by defendant in determining that conditional certification would be inappropriate); *Rodgers v. CVS Pharmacy, Inc.*, No. 8:05-CV770T-27MSS, 2006 WL 752831, at *5 (M.D. Fla. Mar. 23, 2006) (finding, where plaintiff and two opt-ins provided conclusory declarations in support of conditional certification and defendant had submitted 31 affidavits in opposition to conditional certification, that other employees did not desire to join the suit). It is not the role of this Court to decide

4 of 8

which approach is correct; it is enough that approaches within the Circuit appear to differ. The issue here is whether the defendants' discovery request is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Under the broad rules that govern discovery in the federal courts, the parties are entitled to marshal all the evidence that might reasonably help their cause. In light of the foregoing discussion, the Court finds the discovery requests, as narrowed, are relevant to the first phase of discovery.

## II. Plaintiffs Have Waived the Work Product Privilege as to Any Material Created Before This Lawsuit was Filed

Relevance, however, does not mark the end of the inquiry. Plaintiffs claim that the documents are covered by the work product privilege and are thus protected from disclosure. But Plaintiffs do not dispute that they never submitted a privilege log in this case. The Federal Rules of Civil Procedure provide that a party who withholds privileged information that is the subject of a subpoena must issue a privilege log. *See* Fed. R. Civ. P. 45(d)(2). *See also* Fed. R. Civ. P. 26(b)(5) (party withholding otherwise discoverable information under claim of privilege must produce privilege log). Additionally, the local rules

> require[] preparation of a privilege log with respect to all documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product protection except the following: written and oral communications between a party and its counsel after commencement of the action and work product material created after commencement of the action.

S.D. Fla. L. R. 26.1(g)(3)(C). Plaintiffs' counsel has admitted that at least a few of the solicitations took place prior to the initiation of this litigation. A fair reading of the discovery requests reveals that they encompass plaintiffs' counsel's solicitations and any responses thereto. Accordingly, the Court finds that Plaintiffs, by not filing a privilege log, have waived any work product privilege as to responsive documents created prior to commencement of this suit. *See generally First Am. Corp. v. Al-Nahyan*, 2 F.Supp.2d 58, 63 (D.D.C. 1998); *Ala. Educ. Ass'n v.*

5

*Bentley*, Civ. A. No. CV-11-S-761-NE, 2013 WL 246417, at *3 –*6 (N.D. Ala. Jan. 22, 2013) Pursuant to the local rule, Plaintiffs have not waived any claim to privilege as to those documents created *after* commencement of the litigation, but if they seek to shield those post-lawsuit solicitations from production on the basis of work product, they will be required to produce a detailed privilege log.[5]

### III.   The Attorney-Client Privilege

Based on the nature of the solicitations, it is possible that the responses by potential opt-in plaintiffs may come within the umbrella of the attorney-client privilege. Because this case rests primarily on a federal cause of action, the scope of the attorney-client privilege is governed by federal common law. Fed. R. Evid. 501. "The attorney-client privilege exists to protect confidential communications between client and lawyer made for the purpose of securing legal advice." *In re Slaughter*, 694 F.2d 1258, 1260 (11th Cir. 1982). But the privilege does not cover all communications between an attorney and her client (or putative client). Rather, it has been "construed narrowly so as not to exceed the means necessary to support the policy which it promotes." *In re Grand Jury Matter No. 91-01386*, 969 F.2d 995, 997 (11th Cir. 1992) (citing *Fisher v. United States*, 425 U.S. 391, 403 (1976)). The privilege is designed only to protect "confidential communications between the attorney and client regarding the matter of representation." *In re Grand Jury Matter*, 969 F.2d at 997. If any one of these elements is missing—if the communication is not confidential, if it is not between the attorney and client (or prospective client), or if it does not relate to the matter of representation—the communication at issue is not covered by the privilege. Without having examined the responses to the solicitation, the Court is unable to make a determination one way or the other. But to the extent Plaintiffs

---

[5] To the extent that Plaintiffs feel that revealing the full names of the post-filing solicitation recipients may implicate a privilege, they may utilize initials to identify specific persons.

seek to shield any of the putative clients' responses to the solicitations at issue on the basis of attorney-client privilege, they will be required to produce a detailed privilege log, bearing in mind the principles discussed above.

IV. **Conclusion**

For the foregoing reasons, it is hereby **ORDERED** as follows:

1. **The Motion.** Defendants' Corrected Motion to Compel Plaintiffs' and Opt-ins' Responses to Request for Production of Documents and Subpoenas Duces Tecum [DE 71] is **GRANTED in part and DENIED in part**;

2. **Solicitations Sent Prior to Commencement of Suit.** On or before June 28, 2013, Plaintiffs and Opt-in Plaintiffs shall turn over to Defendants any pre-lawsuit solicitations sent to prospective opt-in plaintiffs and any responses thereto that are in their possession, custody, or control, or that of their counsel;[6]

3. **Pre-Suit Communications and Work Product.** As to any responsive documents created prior to commencement of this action in the Southern District of New York, the Court finds Plaintiffs have waived their claim of work product. Those documents must be produced notwithstanding any claims of work product;

4. **Post-Suit Communications and Work Product.** If Plaintiffs have a good-faith belief that any responsive documents created *after* the commencement of this suit are protected from disclosure by the work product doctrine, they may, in lieu of producing the items, produce a detailed privilege log in conformation with the local rules on or before June 28, 2013;

---

[6] The Court reluctantly sets this short response date because Defendants' response to Plaintiffs' Motion to Conditionally Certify [DE 68] is due July 1, 2013, and Defendants are entitled to have this information before then.

7

5. **The Attorney-Client Privilege.** If Plaintiffs' counsel has a good-faith belief that any responses to counsel's solicitations, whether sent before or after initiation of suit, are protected by the attorney-client privilege, the limits of which have been described in this Order, they may, in lieu of producing those responses, produce a detailed privilege log in conformation with the local rules on or before June 28, 2013;[7]

6. **Award of Expenses.** Because the motion was granted in part and denied in part, the Court will exercise its discretion not to award expenses to either party. Fed. R. Civ. P. 37(a)(5)(C);

7. **Housekeeping.** The Clerk is directed to terminate the motions at docket entries 70 and 71.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this **26th** day of June, 2013.

WILLIAM MATTHEWMAN
United States Magistrate Judge

---

[7] The Court declines to find a waiver of the attorney-client privilege for pre-suit communications. The attorney-client privilege, of course, belongs to the client and not the attorney. Under these circumstances, the potential clients who may be impacted by this waiver have not had an adequate opportunity to be heard, and it would be inappropriate to penalize them for Plaintiffs' counsel's failure to produce a privilege log.