## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| FRED DEVRIES, RUBY TEICH, JANINE NATOLI, STEFAN MICHAEL BENARSKY, MARK MALTER, ADAM SCHWARTZ, individually and on behalf all others similarly situated, | Case No. 9:12-cv-81223-KAM |
| Plaintiffs, | |
| v. | |
| MORGAN STANLEY & CO. LLC, f/k/a Morgan Stanley & Co. Incorporated, MORGAN STANLEY SMITH BARNEY LLC, and MORGAN STANLEY, | |
| Defendants. | |

## SECOND AMENDED COMPLAINT

Plaintiffs Fred Devries, Ruby Teich, Janine Natoli, Stefan Michael Benarsky, Mark Malter, and Adam Schwartz, ("Plaintiffs"), individually and on behalf of all others similarly situated, file this Second Amended Complaint and Jury Demand against Defendants Morgan Stanley & Co. LLC, Morgan Stanley Smith Barney LLC and Morgan Stanley ("Morgan Stanley" or Defendants) seeking all relief available under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA") on behalf of Plaintiffs and all current and former pre-production Financial Advisor Associates ("FAAs") have opted into this action (the "Collective Action Members"); under the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a through 34:11-56a30 (the "N.J. Wage and Hour Law") on behalf of all current and former FAAs who work and/or

worked for Morgan Stanley in New Jersey; under the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333, *et seq.* (the "Penn. Wage and Hour Law") on behalf of all current and former FAAs who work and/or worked for Morgan Stanley in Pennsylvania; under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* (the "Ill. Wage and Hour Law") on behalf of all current and former FAAs who work and/or worked for Morgan Stanley in Illinois; and under the New York Labor Law, Article 19, §§ 650 *et seq.* and supporting New York State Department of Labor Regulations (the "NYLL") on behalf of all current and former FAAs who work and/or worked for Morgan Stanley in New York. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## NATURE OF THE ACTION

1.     Morgan Stanley is a financial services company that provides brokerage and related products and services to millions of investors nationwide.

2.     Morgan Stanley employs FAAs at branch locations nationwide.

3.     Morgan Stanley classifies its FAAs as non-exempt during an approximately five to six month training or "pre-production" period.

4.     During the pre-production training period, while they are classified as non-exempt, FAAs' duties include the completion of the required FAA Training Program course work, studying for and passing the Series 7 exam, studying for and passing the Series 66 exam, studying for and passing the FAA Pre-Production Assessment exams, attending meetings, completing all FAA Training Program curriculum requirements and attending national performance sessions.

5.     Pursuant to a company-wide policy and practice, Morgan Stanley uniformly failed to accurately track or record actual hours worked by FAAs during the pre-production training period.  Morgan Stanley furthered this wrongful policy by: (i) instructing its FAAs not to track all hours they worked but instead, to record only their scheduled hours; (ii) instructing its FAAs not to record overtime hours worked; (iii) failing to provide its FAAs with a method to accurately record the hours they actually worked; and (iv) requiring FAAs to understate the number of hours they actually worked.  In willful disregard of federal and state wage and hour law, Morgan Stanley failed and refused to pay Plaintiffs and all other similarly situated FAAs for all hours worked, as well as overtime premium pay.

6.     Morgan Stanley's systematic failure and refusal to pay Plaintiffs and all other similarly situated FAAs for all hours over 40 in a workweek violates the FLSA, the N.J. Wage and Hour Law, the Penn. Wage and Hour Law, the Ill. Wage and Hour Law, and the NYLL.

7.     All Plaintiffs allege on behalf of themselves the Collective Action Members that they are: (i) entitled to unpaid wages for hours worked above 40 in a

workweek, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq.

8.      Plaintiff Janine Natoli also brings this action, pursuant to Fed. R. Civ. P. 23, on behalf of all persons who are and were employed by Morgan Stanley in New Jersey, as FAAs and similarly situated current and former employees holding comparable positions but different titles ("New Jersey Class") at any time since August 1, 2012 through the date of the final disposition of this action (the "New Jersey Class Period") who were not paid for all hours worked by them, as well as for overtime work for which they did not receive overtime premium pay, as required by the NJ Wage and Hour Law.

9.      Plaintiff Stefan Michael Bernarsky also brings this action, pursuant to Fed. R. Civ. P. 23, on behalf of all persons who are and were employed by Morgan Stanley in Pennsylvania, as FAAs and similarly situated current and former employees holding comparable positions but different titles ("Pennsylvania Class") at any time at any time since August 1, 2011 through the date of the final disposition of this action (the "Pennsylvania Class Period") who were not paid for all hours worked by them, as well as for overtime work for which they did not receive overtime premium pay, as required by the Penn. Wage and Hour Law.

10.     Plaintiff Mark Malter also brings this action, pursuant to Fed. R. Civ. P. 23, on behalf of all persons who are and were employed by Morgan Stanley in Illinois, as FAAs and similarly situated current and former employees holding comparable positions but different titles ("Illinois Class") at any time at any time since August 1,

4

2011 through the date of the final disposition of this action (the "Illinois Class Period")
who were not paid for all hours worked by them, as well as for overtime work for
which they did not receive overtime premium pay, as required by the Ill. Wage and
Hour Law.

11.     Plaintiff Adam Schwartz also brings this action, pursuant to Fed. R. Civ. P.
23, on behalf of all persons who are and were employed by Morgan Stanley in New
York, as FAAs and similarly situated current and former employees holding
comparable positions but different titles ("New York Class") at any time since August 1,
2008, through the date of the final disposition of this action (the "New York Class
Period") who (i) were not paid for all hours worked by them as well as unpaid overtime
wages for hours worked above 40 in a workweek, as required by the NYLL; and (ii)
Defendant's willful failure to comply with the notice and record keeping requirements
of NYLL §195(1) and 195(3) resulting in penalties under NYLL § 198(1)b and 198(1)d  up
to the amount of $5,000.00 collectively.

## THE PARTIES

### *THE PLAINTIFFS*

12.     Plaintiff Fred Devries ("Mr. Devries") was employed by Morgan Stanley
as an FAA from in or about June 2011 to May 2012 at Morgan Stanley's branch location
in Boca Raton, Florida.

13.     Mr. Devries regularly worked more than 40 hours in a workweek for Morgan Stanley's benefit during the pre-production training period.  Pursuant to Morgan Stanley's policy, pattern or practice, Mr. Devries was not paid proper compensation for all hours worked including overtime compensation for all hours worked over 40.

14.     Mr. Devries' written consent to join this action was filed in this case on August 8, 2012.

15.     Plaintiff Ruby Teich  ("Ms. Teich") was employed by Morgan Stanley as an FAA from in or about August 2011 to July 2012 at Morgan Stanley's branch location in Boca Raton, Florida.

16.     Ms. Teich regularly worked more than 40 hours in a workweek for Morgan Stanley's benefit during the pre-production training period.  Pursuant to Morgan Stanley's policy, pattern or practice, Ms. Teich was not paid proper compensation for all hours worked including overtime compensation for all hours worked over 40.

17.     Ms. Teich's written consent to join this action was filed in this case on August 16, 2012.

18.     Plaintiff Janine Natoli ("Ms. Natoli or the "New Jersey Class Representative") was employed by Morgan Stanley as an FAA from in or about January 2014 to March 2014 at Morgan Stanley's branch location in Paramus, NJ.

19.     Ms. Natoli regularly worked more than 40 hours in a workweek for Morgan Stanley's benefit during the pre-production training period.  Pursuant to Morgan Stanley's policy, pattern or practice, Ms. Natoli was not paid proper compensation for all hours worked including overtime compensation for all hours worked over 40.

20.     Ms. Natoli's written consent to join this action was filed in this case on June 2, 2014.

21.     Plaintiff Stefan Michael Bernarsky ("Mr. Bernarsky" or the "Pennsylvania Class Representative") was employed by Morgan Stanley as an FAA from in or about October 2011 to January 2013 at Morgan Stanley's branch location in Scranton, PA.

22.     Mr. Bernarsky regularly worked more than 40 hours in a workweek for Morgan Stanley's benefit during the pre-production training period.  Pursuant to Morgan Stanley's policy, pattern or practice, Mr. Bernarsky was not paid proper compensation for all hours worked including overtime compensation for all hours worked over 40.

23.     Mr. Bernarsky's written consent to join this action was filed in this case on May 5, 2014.

24.     Plaintiff Mark Malter ("Mr. Malter" or the "Illinois Class Representative") was employed by Morgan Stanley as an FAA from in or about February 2012 to November 2013 at Morgan Stanley's branch location in Riverwoods, IL.

25.     Mr. Malter regularly worked more than 40 hours in a workweek for Morgan Stanley's benefit during the pre-production training period.  Pursuant to Morgan Stanley's policy, pattern or practice, Mr. Malter was not paid proper compensation for all hours worked including overtime compensation for all hours worked over 40.

26.     Mr. Malter's written consent to join this action was filed in this case on April 10, 2014.

27.     Plaintiff Adam Schwartz ("Mr. Schwartz" or the "New York Class Representative") was employed by Morgan Stanley as an FAA from in or about November 2012 to March 2013 at Morgan Stanley's branch location in Garden City, NY.

28.     Mr. Schwartz regularly worked more than 40 hours in a workweek for Morgan Stanley's benefit during the pre-production training period.  Pursuant to Morgan Stanley's policy, pattern or practice, Mr. Schwartz was not paid proper compensation for all hours worked including overtime compensation for all hours worked over 40.

29.     Mr. Schwartz's written consent to join this action was filed in this case on April 10, 2014.

### *THE DEFENDANTS*

30.     Morgan Stanley & Co. LLC, f/k/a Morgan Stanley & Co. Incorporated, is a Delaware limited liability company with its principal place of business in New York, New York.  It is a wholly owned subsidiary of Defendant Morgan Stanley.

31.     Morgan Stanley Smith Barney LLC is a Delaware limited liability company with its principal place of business in New York, New York.  It is a partially owned subsidiary of Defendant Morgan Stanley.

32.     Morgan Stanley is a Delaware bank holding company, registered with the New York Stock Exchange, among other regulatory agencies and authorities.  Morgan Stanley has its principal place of business in New York, New York.

33.     Morgan Stanley is a parent company of Defendants Morgan Stanley & Co. LLC and Morgan Stanley Smith Barney LLC.

34.     Each Defendant does business under the trade name or mark of "Morgan Stanley."

35.     Each Defendant is a financial services company that provides brokerage and related products and services to millions of investors nationwide.

36.     Each Defendant employed or acted in the interest of an employer towards Plaintiffs and other similarly situated current and former FAAs and, directly or indirectly, jointly or severally, including, without limitation, directly or indirectly controlling and directing the terms of employment and compensation of Plaintiffs and other similarly situated current and former FAAs.  Upon information and belief, the Defendants operate in concert and together in a common enterprise and through related activities, as here relevant, so that the actions of one may be imputed to the other and/or so that they operate as joint employers within the meaning of the FLSA, N.J. Wage and Hour Law, the Penn. Wage and Hour Law, the Ill. Wage and Hour Law, and the NYLL.

37.     Each Defendant had the power to control the terms and conditions of employment of Plaintiffs and other similarly situated current and former FAAs including, without limitation, those terms and conditions relating to the claims alleged herein.

38.     Defendants jointly employed Plaintiffs and other similarly situated current and former FAAs.

## JURISDICTION AND VENUE

39.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1337, and the Class Action Fairness Act.

40.     In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

41.     The amount in controversy in this matter exceeds the sum or value of $5,000,000.00, exclusive of interest and costs.

42.     At least one member of the proposed classes is a citizen of a state different from that of at least one Defendant.

43.     Plaintiffs' claims involve matters of national or interstate interest.

44.     Upon information and belief, greater than two-thirds of the members of all proposed classes in the aggregate are not citizens of the same state.

45.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

46.     Each Defendant is subject to personal jurisdiction in Florida.

47.     Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) since a substantial part of the events or omissions giving rise to the claims in this complaint occurred within this District.

48.     Each Defendant is a covered employer within the meaning of the FLSA, and has had gross revenues exceeding $500,000.00 for all relevant time periods.

## COLLECTIVE ACTION FACTUAL ALLEGATIONS

49.     On February 7, 2014, this Court conditionally certified this action under the FLSA, and since then, 454 current or former Morgan Stanley FAAs have filed consents to join this action become Collective Action Members, along with Plaintiffs and other FAAs who filed their consents to join prior to conditional certification.

50.     Plaintiffs and the Collective Action Members, all of whom regularly worked more than 40 hours in a workweek, were employed by Morgan Stanley as FAAs.

51.      Morgan Stanley failed to pay Plaintiffs and the Collective Action Members overtime compensation for the hours they worked over 40 in a workweek.

52.     Morgan Stanley failed to keep accurate records of all hours worked by Plaintiffs and the Collective Action Members.

53.     Throughout the relevant periods, it has been Morgan Stanley's policy, pattern or practice to require, suffer, or permit the Plaintiffs and the Collective Action Members to work in excess of 40 hours per week without paying them overtime wages for all overtime hours worked.

54.     Morgan Stanley assigned the work that the Plaintiffs and the Collective Action Members have performed or Morgan Stanley was aware of the work they performed.

55.     The work performed by the Plaintiffs and the Collective Action Members constitutes compensable work time under the FLSA and was not preliminary, postliminary or *de minimus*.

56.     The Plaintiffs and the Collective Action Members performed the same primary job duties, which are non-exempt and they were classified as non-exempt under the FLSA.

57.     Morgan Stanley has intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA with respect to the Plaintiffs and the Collective Action Members, which policy, pattern or practice was authorized, established, promulgated, and/or ratified by Defendants' corporate headquarters.  This policy, pattern or practice includes but is not limited to:

        a.     willfully failing to record all of the time the Plaintiffs and the Collective Action Members have worked for the benefit of Morgan Stanley;

        b.     willfully failing to keep accurate time records as required by the FLSA;

        c.     willfully failing to credit the Plaintiffs and the Collective Action Members for all hours worked including overtime hours, consistent with the requirements of the FLSA; and

d.      willfully failing to pay the Plaintiffs and the Collective Action

Members wages for all hours worked including overtime wages for hours in

excess of 40 hours per workweek.

58.     Morgan Stanley is aware or should have been aware that the FLSA

requires them to pay the Plaintiffs and the Collective Action Members an overtime

premium for hours worked in excess of 40 hours per workweek.

59.     Morgan Stanley's unlawful conduct has been widespread, repeated, and

consistent.

## CLASS ACTION ALLEGATIONS

### *THE NEW JERSEY CLASS*

60.     Pursuant to Fed. R. Civ. P. 23, Ms. Natoli, as the New Jersey Class

Representative, brings her N.J. Wage and Hour Law claims, individually and on behalf

of the New Jersey Class.

61.     The persons in the New Jersey Class identified above are so numerous

that joinder of all members is impracticable.  Although the New Jersey Class

Representative does not know the precise number of such persons, the facts on which

the calculation of that number can be based are presently within the sole control of the

Defendants and ascertainable.  Upon information and belief, there are at least 100

members of the New Jersey Class.

62.     Defendants have acted or refused to act on grounds generally applicable

to the New Jersey Class, thereby making appropriate final injunctive relief or

corresponding declaratory relief with respect to the New Jersey Class as a whole.

63.     There are questions of law and fact common to the New Jersey Class that predominate over any questions solely affecting individual members of the New Jersey Class, including but not limited to:

a.      whether Defendants have failed and/or refused to pay the New Jersey Class Representative and the New Jersey Class overtime pay for the hours worked in excess of 40 hours per workweek within the meaning of the N.J. Wage and Hour Law;

b.      the nature and extent of the class-wide injury and the appropriate measure of damages for the New Jersey Class;

c.      whether  Defendants had a uniform policy and practice of failing to accurately track or record actual hours worked by the members of the New Jersey Class;

d.      whether Defendants furthered their uniform policy and practice of failing to accurately track or record actual hours worked by the members of the New Jersey Class by instructing them: (i) not to track all hours they worked but instead to record only their scheduled hours; (ii) not to record overtime hours worked; (iii) failing to provide the members of the New Jersey Class with a method to accurately record the hours they actually worked; and (iv) requiring the New Jersey Class members to under-state the number of hours they actually worked;

      f.      whether Defendants' policy and practice of failing to accurately track or record hours worked by the members of the New Jersey Class was willful;

      g.      whether Defendants can prove that their unlawful policies were implemented in good faith.

64.     The claims of the New Jersey Class Representative are typical of the claims of the New Jersey Class she seeks to represent.  The New Jersey Class Representative and the other New Jersey Class members work or have worked for Defendants and have been subjected to their policy, pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week.  Defendants acted and refused to act on grounds generally applicable to the New Jersey Class, thereby making declaratory relief with respect to the New Jersey Class appropriate.

65.     The New Jersey Class Representative will fairly and adequately represent and protect the interests of the New Jersey Class.

66.     The New Jersey Class Representative has retained counsel competent and experienced in complex class action and wage and hour litigation.

67.     A class action is superior to other available methods for the fair and efficient adjudication of the N.J. Wage and Hour Law claims, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

68.     The members of the New Jersey Class have been damaged and are entitled to recovery because of Defendants' common and uniform policies, practices

and procedures.  Although the relative damages suffered by individual New Jersey Class members are not *de minimus,* such damages are small compared to the expense and burden of bringing individual cases.

69.     Class treatment of the New Jersey class claims is superior because it will obviate the need for duplicative litigation that may result in inconsistent judgments about Defendants' practices.

## *THE PENNSYLVANIA CLASS*

70.     Pursuant to Fed. R. Civ. P. 23, Mr. Bernarsky, as the Pennsylvania Class Representative, brings his Penn. Wage and Hour Law claims, individually and on behalf of the Pennsylvania Class.

71.     The persons in the Pennsylvania Class identified above are so numerous that joinder of all members is impracticable.  Although the Pennsylvania Class Representative does not know the precise number of such persons, the facts on which the calculation of that number can be based are presently within the sole control of the Defendants and ascertainable.  Upon information and belief, there are at least 100 members of the Pennsylvania Class.

72.     Defendants have acted or refused to act on grounds generally applicable to the Pennsylvania Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Pennsylvania Class as a whole.

73.     There are questions of law and fact common to the Pennsylvania Class that predominate over any questions solely affecting individual members of the Pennsylvania Class, including but not limited to:

16

a.   whether Defendants have failed and/or refused to pay the Pennsylvania

Class Representative and the Pennsylvania Class overtime pay for the hours

worked in excess of 40 hours per workweek within the meaning of the Penn.

Wage and Hour Law;

b.   the nature and extent of the class-wide injury and the appropriate

measure of damages for the Pennsylvania Class;

c.   whether  Defendants had a uniform policy and practice of failing to

accurately track or record actual hours worked by the members of the

Pennsylvania Class;

d.   whether Defendants furthered their uniform policy and practice of failing

to accurately track or record actual hours worked by the members of the

Pennsylvania Class by instructing them: (i) not to track all hours they worked

but instead to record only their scheduled hours; (ii) not to record overtime

hours worked; (iii) failing to provide the members of the Pennsylvania Class

with a method to accurately record the hours they actually worked; and (iv)

requiring the Pennsylvania Class members to under-state the number of

hours they actually worked;

f.   whether Defendants' policy and practice of failing to accurately track or

record hours worked by the members of the Pennsylvania Class was willful;

g.   whether Defendants can prove that their unlawful policies were

implemented in good faith.

74.     The claims of the Pennsylvania Class Representative are typical of the claims of the Pennsylvania Class he seeks to represent.  The Pennsylvania Class Representative and the other Pennsylvania Class members work or have worked for Defendants and have been subjected to their policy, pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week.  Defendants acted and refused to act on grounds generally applicable to the Pennsylvania Class, thereby making declaratory relief with respect to the Pennsylvania Class appropriate.

75.     The Pennsylvania Class Representative will fairly and adequately represent and protect the interests of the Pennsylvania Class.

76.     The Pennsylvania Class Representative has retained counsel competent and experienced in complex class action and wage and hour litigation.

77.     A class action is superior to other available methods for the fair and efficient adjudication of the Penn. Wage and Hour Law claims, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

78.     The members of the Pennsylvania Class have been damaged and are entitled to recovery because of Defendants' common and uniform policies, practices and procedures.  Although the relative damages suffered by individual Pennsylvania Class members are not *de minimus,* such damages are small compared to the expense and burden of bringing individual cases.

79.     Class treatment of the Pennsylvania Class claims is superior because it will obviate the need for duplicative litigation that may result in inconsistent judgments about Defendants' practices.

### *THE ILLINOIS CLASS*

80.     Pursuant to Fed. R. Civ. P. 23, Mr. Malter, as the Illinois Class Representative, brings his Ill. Wage and Hour Law claims, individually and on behalf of the Illinois Class.

81.     The persons in the Illinois Class identified above are so numerous that joinder of all members is impracticable.  Although the Illinois Class Representative does not know the precise number of such persons, the facts on which the calculation of that number can be based are presently within the sole control of the Defendants and ascertainable.  Upon information and belief, there are at least 100 members of the Illinois Class.

82.     Defendants have acted or refused to act on grounds generally applicable to the Illinois Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Illinois Class as a whole.

83.     There are questions of law and fact common to the Illinois Class that predominate over any questions solely affecting individual members of the Illinois Class, including but not limited to:

    a.     whether Defendants have failed and/or refused to pay the Illinois Class Representative and the Illinois Class overtime pay for the hours

worked in excess of 40 hours per workweek within the meaning of the Ill.

Wage and Hour Law;

b.       the nature and extent of the class-wide injury and the appropriate

measure of damages for the Illinois Class;

c.       whether  Defendants had a uniform policy and practice of failing to

accurately track or record actual hours worked by the members of the

Illinois Class;

d.       whether Defendants furthered their uniform policy and practice of

failing to accurately track or record actual hours worked by the members

of the Illinois Class by instructing them: (i) not to track all hours they

worked but instead to record only their scheduled hours; (ii) not to record

overtime hours worked; (iii) failing to provide the members of the

Illinois Class with a method to accurately record the hours they actually

worked; and (iv) requiring the Illinois Class members to under-state the

number of hours they actually worked;

f.       whether Defendants' policy and practice of failing to accurately

track or record hours worked by the members of the Illinois Class was

willful;

g.       whether Defendants can prove that their unlawful policies were

implemented in good faith.

84.    The claims of the Illinois Class Representative are typical of the claims of

the Illinois Class sought to be represented.  The Illinois Class Representative and the

20

other Illinois Class members work or have worked for Defendants and have been subjected to their policy, pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week. Defendants acted and refused to act on grounds generally applicable to the Illinois Class, thereby making declaratory relief with respect to the Illinois Class appropriate.

85. The Illinois Class Representative will fairly and adequately represent and protect the interests of the Illinois Class.

86. The Illinois Class Representative has retained counsel competent and experienced in complex class action and wage and hour litigation.

87. A class action is superior to other available methods for the fair and efficient adjudication of the Ill. Wage and Hour Law claims, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

88. The members of the Illinois Class have been damaged and are entitled to recovery because of Defendants' common and uniform policies, practices and procedures. Although the relative damages suffered by individual Illinois Class members are not *de minimus,* such damages are small compared to the expense and burden of bringing individual cases.

89. Class treatment of the Illinois Class claims is superior because it will obviate the need for duplicative litigation that may result in inconsistent judgments about Defendants' practices.

_**THE NEW YORK CLASS**_

90.     Pursuant to Fed. R. Civ. P. 23, Mr. Schwartz, as the New York Class Representative brings his NYLL claims, individually and on behalf of the New York Class.

91.     The persons in the New York Class identified above are so numerous that joinder of all members is impracticable.  Although the New York Class Representative does not know the precise number of such persons, the facts on which the calculation of that number can be based are presently within the sole control of the Defendants and ascertainable.  Upon information and belief, there are at least 100 members of the New York Class.

92.     Defendants have acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New York Class as a whole.

93.     There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

   a.     whether Defendants have failed and/or refused to pay the New York Class Representative and the New York Class overtime pay for the hours worked in excess of 40 hours per workweek within the meaning of the NYLL;

   b.     whether Defendants willfully failed to comply with the notice and record keeping requirements of  the NYLL;

c.       the nature and extent of the class-wide injury and the appropriate measure of damages for the New York Class;

d.       whether  Defendants had a uniform policy and practice of failing to accurately track or record actual hours worked by the members of the New York Class;

e.       whether Defendants furthered their uniform policy and practice of failing to accurately track or record actual hours worked by the members of the New York Class by instructing them: (i) not to track all hours they worked but instead to record only their scheduled hours; (ii) not to record overtime hours worked; (iii) failing to provide the members of the New York Class with a method to accurately record the hours they actually worked; and (iv) requiring the New York Class members to under-state the number of hours they actually worked;

f.       whether Defendants' policy and practice of failing to accurately track or record hours worked by the members of the New York Class was willful;

g.       whether Defendants can prove that their unlawful policies were implemented in good faith.

94.     The claims of the New York Class Representative are typical of the claims of the New York Class sought to be represented.  The New York Class Representative and the other New York Class members work or have worked for Defendants and have been subjected to their policy, pattern or practice of failing to pay overtime wages for

hours worked in excess of 40 hours per week.  Defendants acted and refused to act on grounds generally applicable to the New York Class, thereby making declaratory relief with respect to the New York Class appropriate.

95.     The New York Class Representative will fairly and adequately represent and protect the interests of the New York Class.

96.     The New York Class Representative has retained counsel competent and experienced in complex class action and wage and hour litigation.

97.     A class action is superior to other available methods for the fair and efficient adjudication of the NYLL claims, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

98.     The members of the New York Class have been damaged and are entitled to recovery because of Defendants' common and uniform policies, practices and procedures. Although the relative damages suffered by individual New York Class Members are not *de minimus,* such damages are small compared to the expense and burden of bringing individual cases.

99.     Class treatment of the New York Class claims is superior because it will obviate the need for duplicative litigation that may result in inconsistent judgments about Defendants' practices.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act:  Unpaid Overtime Wages**
**Brought on Behalf of Plaintiffs and Collective Action Members**
**Against All Defendants**

100.    Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 59 above.

101.    Morgan Stanley has engaged in a widespread policy, pattern or practice of violating the FLSA in regard to Plaintiffs and the Collective Action Members, as detailed in this Complaint.

102.    At all relevant times, Plaintiffs and the Collective Action Members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

103.    The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Morgan Stanley.

104.    Morgan Stanley is an employer of Plaintiffs and the Collective Action Members and is engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

105.    At all relevant times, Plaintiffs and the Collective Action Members were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

106.    Morgan Stanley has failed to pay Plaintiffs and the Collective Action Members overtime wages to which they were entitled under the FLSA.

107.    Morgan Stanley has failed to keep accurate records of time worked by Plaintiffs and the Collective Action Members.

108.   Morgan Stanley's violations of the FLSA, as described in this Second Amended Complaint, have been, and continue to be, willful and intentional.

109.   Morgan Stanley did not make a good faith effort to comply with the FLSA with respect to its timekeeping and compensation of Plaintiffs and the Collective Action Members.

110.   Because Morgan Stanley's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255, as it may be further extended or tolled by agreement, equity or operation of law.

111.   As a result of Morgan Stanley's willful violations of the FLSA, Plaintiffs and the Collective Action Members have suffered damages by being denied overtime wages in accordance with the FLSA, in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and expenses pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
**N.J. Wage and Hour Law:  Unpaid Wages**
**On behalf of the New Jersey Class Representative and the New Jersey Class**
**Against All Defendants**

112.   The New Jersey Class Representative realleges and incorporates by reference all allegations in paragraphs 1 through 99 above

113.   Defendants engaged in a widespread policy, pattern or practice of violating the N.J. Wage and Hour Law, as described in this complaint.

114.   Defendants' violations of the N.J. Wage and Hour Law, as described in this complaint, have been willful and intentional.

115.    At all times relevant, the New Jersey Class Representative and the members of the New Jersey Class were employees and Defendants were employers within the meaning of N.J. Wage and Hour Law.

116.    Defendants employed the New Jersey Class Representative and the members of the New Jersey Class in New Jersey within the meaning of the term "employ[s]" in the N.J. Wage and Hour Law.

117.    The New Jersey Class Representative and the members of the New Jersey Class are "person[s]" within the meaning of in the N.J. Wage and Hour Law.

118.    The members of the New Jersey Class are similarly situated because they all perform or performed the same primary duties, responsibilities and activities, and all are subject to Defendants' common policy and practice, implemented throughout the New Jersey, of failing to credit and pay them overtime compensation in violation of the N.J. Wage and Hour Law.

119.    Each of the Defendants employed the New Jersey Class Representative and the members of the New Jersey Class as an employer or a joint employer, all as further alleged herein.

120.    The New Jersey Class Representative and the members of the New Jersey Class were persons suffered or permitted to work by Defendants, all as further alleged herein.

121.    At all materials times, the New Jersey Class Representative and the New Jersey Class members are not and have not been independent contractors or subcontractors.

122.    The overtime wage provisions of Chapter 11, Article 2 of the N.J. Wage and Hour Law, N.J.S.A. §§ 34:11-56a *et seq*. and its supporting regulations, N.J. Admin. Code §§ 12:56-1.1 *et seq*., apply to Defendants and protect the New Jersey Class Representative and the New Jersey Class members.

123.    Defendants failed to pay the New Jersey Class Representative and the other members of the New Jersey Class the overtime wages to which they are entitled under Chapter 11, Article 2 of the N.J. Wage and Hour Law, N.J.S.A. §§ 34:11-56a *et seq*.

124.    Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the New Jersey Class Representative and the members of the New Jersey Class and failed to furnish to each of them their wage and hour records showing all wages earned and due for all work performed for labor or services rendered.

125.    By Defendants' knowing or intentional failure to pay the New Jersey Class Representative and the members of the New Jersey Class overtime wages for hours worked in excess of 40 hours per week, it has willfully violated Chapter 11, Article 2 of the N.J. Wage and Hour Law, N.J.S.A. §§ 34:11-56a *et seq*.

126.    Due to Defendants' violations of Chapter 11, Article 2 of the N.J. Wage and Hour Law, N.J.S.A. §§ 34:11-56a *et seq*., the New Jersey Class Representative and the New Jersey Class members are entitled recover from Defendants, jointly and severally, the relief requested herein.

### THIRD CAUSE OF ACTION
**Penn. Wage and Hour Law:  Unpaid Wages**
**On behalf of the Pennsylvania Class Representative and the Pennsylvania Class**
**Against All Defendants**

127.    The Pennsylvania Class Representative realleges and incorporates by reference all allegations in paragraphs 1 through 99 above

128.    Defendants engaged in a widespread policy, pattern or practice of violating the Penn. Wage and Hour Law, as described in this complaint.

129.    Defendants' violations of the Penn. Wage and Hour Law, as described in this complaint, have been willful and intentional.

130.    At all times relevant, the Pennsylvania Class Representative and the members of the Pennsylvania Class were employees, and Defendants were employers within the meaning of Penn. Wage and Hour Law.

131.    Defendants employed the Pennsylvania Class Representative and the members of the Pennsylvania Class in Pennsylvania within the meaning of the term employ in the Penn. Wage and Hour Law.

132.    The members of the Pennsylvania Class are similarly situated because they all perform or performed the same primary duties, responsibilities and activities, and all are subject to Defendants' common policy and practice, implemented throughout the Pennsylvania, of failing to credit and pay them overtime compensation in violation of the Penn. Wage and Hour Law.

133.    Each of the Defendants employed the Pennsylvania Class Representative and the members of the Pennsylvania Class as an employer or a joint employer, all as further alleged herein.

134.    The Pennsylvania Class Representative and the members of the Pennsylvania Class were persons suffered or permitted to work by Defendants, all as further alleged herein.

135.    At all materials times, the Pennsylvania Class Representative and the Pennsylvania Class members are not and have not been independent contractors or subcontractors.

136.    The Penn. Wage and Hour Law entitles employees to receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week. 43 P.S. § 333.104(c).

137.    Defendants failed to pay the Pennsylvania Class Representative and the members of the Pennsylvania Class the overtime wages to which they are entitled under the Penn. Wage and Hour Law, 43 P.S. § 333.104(c).

138.    Defendants failed to pay the Pennsylvania Class Representative and Pennsylvania Class all overtime wages to which they are entitled.

139.    By Defendants' knowing or intentional failure to pay the Pennsylvania Class Representative and the members of the Pennsylvania Class overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the Penn. Wage and Hour Law.

140.    Due to Defendants' violations of Penn. Wage and Hour Law, the

Pennsylvania Class Representative and the Pennsylvania Class members are entitled

recover from Defendants, jointly and severally, the relief requested herein.

**FOURTH CAUSE OF ACTION**
**Ill. Wage and Hour Law:  Unpaid Wages**
**On behalf of the Illinois Class Representative and the Illinois Class**
**Against All Defendants**

141.    The Illinois Class Representative realleges and incorporates herein each

and every allegation in the preceding paragraph numbers 1 to 99 above.

142.    The Illinois Class Representative brings this claim pursuant to the Ill.

Wage and Hour Law.

143.    The Ill. Wage and Hour Law provides that employers who fail to pay the

overtime wages it requires shall be liable in a civil action brought by an aggrieved

employee.

144.    The Ill. Wage and Hour Law, 820 ILCS 105/4a(1), provides in relevant

part:

> [N]o employer shall employ any of his employees for a workweek
> of more than 40 hours unless such employee receives compensation
> for his employment in excess if the hours specified at a rate not less
> than 1 ½ times the regular rate at which he is employed…

145.    The Ill. Wage and Hour Law, 820 ILCS 105/12(a), provides in relevant

part:

> If any employee is paid by his employer less than the wage to
> which he is entitled under the provisions of this Act, the employee
> may recover in a civil action the amount of any such underpayment
> together with costs and such reasonable attorney's fees as may be

allowed by the Court, and damages of 2% of the amount of any
such underpayments for each month following the date of payment
during which such underpayments remain unpaid…

146.    The Ill. Wage and Hour Law, 820 ILCS 105/3(b) defines wages as

"compensation due to an employee by reason of his employment…" All such wages are

subject to Illinois' overtime requirements, including those set forth above.

147.    During the Illinois Class Period, Defendants violated the Ill. Wage and

Hour Law, by failing to pay the Illinois Class Representative and members of the

Illinois Class time and one-half their regular rate of pay for all hours worked in excess

of 40 during each workweek.

148.    The members of the Illinois Class are similarly situated because they all

perform or performed the same primary duties, responsibilities and activities, and all

are subject to Defendants' common policy and practice, implemented throughout the

State of Illinois, of failing to credit and them overtime compensation properly, all in

violation of the Ill. Wage and Hour Law.

149.    The primary duties, responsibilities and activities of the Illinois Class

members were essentially the same as the primary duties, responsibilities, and activities

of the Illinois Class Representative.

150.    The Illinois Class members were paid in the same manner and were subject

to the same, standard employment procedures and practices as the Illinois Class

Representative.

151.    The Illinois Class Representative and the Illinois Class members were all subject to Defendants' common policy and practice of failing to credit and pay them properly for all hours worked in excess of 40 during each workweek at one and one-half times their regular rate(s) of pay, all in violation of the Ill. Wage and Hour Law.  It is, and has been, Defendants' uniform policy and procedure to neither credit nor pay overtime compensation properly, nor to pay overtime wages to the Illinois Class Representative and the members of the Illinois Class.

152.    Defendants failed to keep, make, preserve, maintain and furnish accurate records of time worked by the Illinois Class Representative and the Illinois Class members.

153.    Defendants' violations of the Ill. Wage and Hour Law were repeated, willful and intentional.

154.    The Illinois Class Representative and the Illinois Class members have been damaged by the above-described violations of the Ill. Wage and Hour Law.

155.    Due to Defendants' violations of the Ill. Wage and Hour Law, the Illinois Class Representative and the other members of the Illinois Class are entitled to recover from Defendants, jointly or severally, the relief requested herein.

### FIFTH CAUSE OF ACTION
**NYLL:  Unpaid Wages**
**On behalf of the New York Class Representative and the New York Class**
**Against All Defendants**

156.    The New York Class Representative realleges and incorporates herein each and every allegation in the preceding paragraph numbers 1 to 99 above.

157.   Defendants have engaged in a widespread policy, pattern or practice of violating the NYLL, as detailed in this Second Amended Complaint.

158.   At all times relevant, the New York Class Representative and the other members of the New York Class have been employees and Defendants have been employers within the meaning of the NYLL.  The New York Class Representative and the members of the New York Class are covered by the NYLL.

159.   The members of the New York Class are similarly situated because they all perform or performed the same primary duties, responsibilities and activities, and all are subject to Defendants' common policy and practice, implemented throughout the State of New York, of failing to credit and pay them proper overtime compensation, in violation of the NYLL.

160.   Each Defendant employed the New York Class Representative and the members of the New York Class as an employer or a joint employer, as further alleged herein.

161.   Defendants failed to pay the New York Class Representative and the other members of the New York Class wages to which they are entitled under NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.  Defendants failed to pay the New York Class Representative and the members of the New York Class for overtime at a wage rate of one and one-half times their regular rate of pay in weeks they worked more than 40 hours.

162.   Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the New York Class Representative and the New York Class members.

163.   Defendants' violations of the NYLL, as described in this Second Amended Complaint, have been willful and intentional.

164.   Due to Defendants' violations of the NYLL, the New York Class Representative and the members of the New York Class are entitled to recover from Defendants, jointly or severally, the relief requested herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated FLSA Collective Action Members, pray for the following relief:

A.   Final certification of the collective consisting of Plaintiffs and all Collective Action Members

B.   Unpaid wages and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201 *et seq.* and the supporting United States Department of Labor regulations and the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

C.   Pre-judgment interest;

D.   Attorneys' fees and costs of the action, including expert fees; and

E.   Such other relief as this Court deems just and proper.

**WHEREFORE**, the New Jersey Class Representative, Pennsylvania Class Representative, Illinois Class Representative and New York Class Representative,

35

individually and on behalf of all members of the New Jersey Class, Pennsylvania Class, Illinois Class and New York Class , pray for the following relief:

A.    Certification of the state law claims in this action as class actions;

B.    Designation of Janine Natoli as the Class Representative of the New Jersey Class, designation of Stefan Michael Bernarsky as the Class Representative of the Pennsylvania Class, designation of Mark Malter as the Class Representative of the Illinois Class, and designation of Adam Schwartz as the Class Representative of the New York Class;

C.    A declaratory judgment that the practices complained of herein are unlawful under the N.J. Wage and Hour Law, the Penn. Wage and Hour Law, the Ill. Wage and Hour Law, and the NYLL;

D.    Appropriate equitable and injunctive relief to remedy Defendants' violations of the N.J. Wage and Hour Law, the Penn. Wage and Hour Law, the Ill. Wage and Hour Law, and the NYLL, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful practices;

E.    An award of damages (including but not limited to unpaid wages and unpaid overtime wages, as applicable), liquidated damages, appropriate statutory penalties, the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes and restitution to be paid by Defendants according to proof;

F.    Pre-Judgment interest;

G.    Attorneys' fees and costs of this action, including expert fees; and

H.    Such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand

a trial by jury on all questions of fact raised by this Second Amended Complaint.


Dated: August 4, 2013                       Respectfully submitted,
       Boca Raton, Florida

                                            **/s/SUSAN H. STERN**
                                            Susan H. Stern, Esq.
                                            Florida Bar No. 857726
                                            E-mail: sstern@shavitzlaw.com
                                            Gregg I. Shavitz, Esq.
                                            Florida Bar No. 11398
                                            E-mail: gshavitz@shavitzlaw.com
                                            Paolo C. Meireles, Esq.
                                            Florida Bar. No.: 91551
                                            E-mail: pmeireles@shavitzlaw.com
                                            **SHAVITZ LAW GROUP, P.A.**
                                            1515 S. Federal Hwy., Suite 404
                                            Boca Raton, Florida 33432
                                            Telephone: 561-447-8888
                                            Facsimile:  561-447-8831


                                            Seth R. Lesser, Esq. (admitted *pro hac vice*)
                                            E-Mail: Seth@klafterolsen.com
                                            Fran L. Rudich, Esq. (admitted *pro hac vice*)
                                            E-Mail: fran@klafterolsen.com
                                            **KLAFTER OLSEN & LESSER, LLP**
                                            Two International Drive, Suite 350
                                            Rye Brook, NY 10573
                                            Telephone: 914-934-9200 x303
                                            Facsimile:  914-934-9220


                                            ***Attorneys for Plaintiffs, the Collective and the
                                            Classes***

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of Court using CM/ECF on <u>**August 4, 2014**</u>. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

<u>/s/SUSAN H. STERN</u>
Susan H. Stern, Esq.

### <u>SERVICE LIST</u>
*DeVries v. Morgan Stanley & Co, LLC*
**CASE NO.: 9:12-cv-81223-KAM**
**United States District Court for the Southern District of Florida**

Anne Marie Estevez, Esq.
Florida Bar No. 991694
E-mail: aestevez@morganlewis.com
Annika E. Ashton, Esq.
Florida Bar No. 53970
E-mail: aashton@morganlewis.com
Mark E. Zelek, Esq.
Florida Bar No. 667773
E-mail:  mzelek@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
200 South Biscayne Boulevard, Suite 5300
Miami, FL 33131
Telephone: (305) 415-3330
Facsimile:  (305) 415-3001

Thomas L. Linthorst, Esq. (admitted *pro hac vice*)
E-mail: tlinthorst@morganlewis.com
Michelle Seldin Silverman (admitted *pro hac vice*)
E-mail: msilverman@morganlewis.com
**MORGAN, LEWIS & BOCKIUS, LLP**
502 Carnegie Center
Princeton, NJ 05840
Telephone: (609) 919-6642
Facsimile:  (609) 919-6701

*Attorneys for Defendants*
**Served via CM/ECF**