UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-81223-CIV-MARRA/MATTHEWMAN

FRED DEVRIES, RUBY TEICH, JANINE
NATOLI, RAFAEL SANTIAGO, MARK
MALTER, ADAM SCHWARTZ,
individually and on behalf of all
others similarly situated,

       Plaintiffs,

vs.

MORGAN STANLEY & CO. LLC,
f/k/a Morgan Stanley & Co. Incorporated,
MORGAN STANLEY SMITH BARNEY
LLC, and MORGAN STANLEY,

       Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendants' Notice of Intended

Communications with Putative Class and Collective Action Members [DE 330] and

Plaintiffs' L.R. 7.1(e) Emergency Motion to Prevent Defendants From Issuing a

Misleading Communication to Putative Class Members [D.E. 330] Which Would Cause

Them to Waive Their Legal Right to Participate in This Action [DE 339].  The Court has

carefully considered the notice, motion, the expeditiously filed response, reply, sur-

reply, response to sur-reply, Defendants' Notice of Ruling [in the Southern District of

New York] in Response to Plaintiffs' Emergency Motion, oral argument of counsel, and

is otherwise fully advised in the premises.

<u>Discussion</u>

The operative complaint in this action asserts a collective claim under the Fair Labor Standards Act ("FLSA"), as well as Rule 23 class action claims under the Illinois Wage Payment & Collection Act, New Jersey State Wage and Hour Law, New York Labor Law, and Pennsylvania Minimum Wage Act (the "Rule 23 State Classes").  Third Amended Complaint, DE 206.  Plaintiffs allege that Defendants Morgan Stanley & Co. LLC, f/k/a Morgan Stanley & Co. Inc.; Morgan Stanley Smith Barney LLC; and Morgan Stanley (collectively, "Defendants" or "Morgan Stanley") failed to pay all overtime wages owed to pre-production Financial Advisor Associates ("FAAs") who worked overtime "off-the-clock" during the mandatory five to six month training period. Thus, the Third Amended Complaint asserts claims on behalf of both opt-in plaintiffs pursuing claims under the FLSA[1] and current employees who are unnamed class members in the putative Rule 23 State Classes.[2]

This case has been pending for three years, extensive second phase fact discovery has ended, expert discovery is concluded, and Plaintiffs' Motion for Rule 23 class certification has just been filed.  On July 24, 2015, Morgan Stanley filed a Notice of Intended Communications with Putative Class and Collective Action Members (the

---

[1]  The Court previously conditionally certified the FLSA collective pursuant to 29 U.S.C. § 216(b) on February 6, 2014 (D.E. 93).  There are 464 opt-in plaintiffs in connection with the conditionally certified FLSA class.

[2]  There are, according to Defendants, 223 putative class members in Illinois, 952 putative class members in New York, 197 putative class members in New Jersey, and 181 putative class members in Pennsylvania.

"Notice") (DE 330).  The Notice "apprise[s] the Court and Plaintiffs of certain intended communications . . . . relate[d] to an arbitration program that [Defendant] intends to enter into with [its more than 40,000] current employees [nationwide]." Notice at 1; DE 357-1 at 5.  Morgan Stanley states that it is simply rolling out to its current employees a new and improved version of Defendants' ten year old internal employee dispute resolution program titled "Convenient Access to Resolutions for Employees" ("CARE").  Plaintiffs are alarmed, however, because CARE, which automatically applies to all current employees, contains an express waiver of any right to participate in class or collective litigation, including this case.  Plaintiffs complain that the Notice and draft arbitration agreement itself (attached as Ex. A to Defendants' Notice) are intentionally vague as to how putative members of the Rule 23 State Classes in this case will be affected and are convinced that hundreds of current employees who have not already opted into the FLSA collective action, but who are putative members of the Rule 23 State Classes, will unwittingly waive their rights to participate in this action.

CARE is designed as a self-executing arbitration agreement and the only way a putative member of the Rule 23 State Classes can avoid losing their rights with respect to this case is to affirmatively sign CARE's Opt-out form and send it in by a certain date.  See Ex. C to Defendants' Notice.  Plaintiffs maintain that there can be no question that an overwhelming majority of current employees who are members of the Rule 23 State Classes will not affirmatively act to opt out of the program (1) because they have not yet received Court authorized notice and do not appreciate

that they are part of the putative class, what that entails, or how close this case is to

an adjudication of their ability to be absent class members in a case that may move

shortly towards trial on a class wide basis, and (2) because they would be afraid that

refusing to participate in a company-wide arbitration program would negatively

impact their continued employment.

Morgan Stanley's CARE arbitration agreement, which Morgan Stanley states is

only in draft form, is over six pages of single space type.  In paragraph 3 of the

agreement entitled Excluded Claims is the statement:

> ln addition, if you are individually named as a plaintiff, opt-in plaintiff,
> defendant or other named party in a court action before the date on
> which this Agreement was sent to you as provided in subsection (v) of
> this paragraph, then this Arbitration Agreement shall not apply to your
> claims in such action, and shall also not apply to any claim you may have
> as an absent class member in any other class, collective, or
> representative action pending in court at the time this Agreement was
> sent to you.

And, in the Notice of Class Claims attached to the arbitration agreement Defendant

makes a similar statement following the list of pending cases:

> Except as provided below, by executing the Agreement to Arbitrate, you
> will no longer be able to participate in any of these actions as a class,
> collective, or representative action member, or to file any Covered
> Claims (as defined in the Arbitration Agreement) on a class, collective,
> or representative basis whether in court or in arbitration, but you will
> be able to bring your individual Covered Claims in arbitration.  lf you
> were individually named as a plaintiff or opt-in plaintiff in any of the
> above-listed actions before the date on which this Agreement was sent
> to you, then this Agreement shall not apply to your claims in such
> actions and shall also not apply to any claim you may have as an absent
> class member in any other class, collective, or representative action
> pending in court at the time this Agreement was sent to you.

Plaintiffs assert that the CARE agreement is incomplete and vague because it does not explain who the putative class members are, and the meaning of the legal terms "individually named . . . plaintiff," "opt in" or "absent class member," which indisputably have material consequences in connection with the arbitration agreement.  Because no notice has been sent apprising individual putative class members that they are in fact a class member of the Rule 23 State Classes, Defendants mere identification of the *Devries* action in the Notice of Class Claims does nothing to ensure that putative class members actually know that they are part of this action -- much less explain their rights, how far the case has progressed and how close to class certification it is, or what the putative plaintiffs would be giving up by not opting out of CARE.  Accordingly, Defendants' self-executing agreement CARE might implicate factors that threaten the proper functioning of this litigation. *Alequin v. Darden Restau-rants, Inc.*, No. 12-61742-CIV, 2013 WL 3939373, at *12 (S.D. Fla. July 12, 2013).

This Court has "considerable discretion to manage this collective action" including the authority to regulate communications with class members even before the class has been certified.   *Billingsley v. Citi Trends, Inc.*, 560 F. App'x 914, 923 (11th Cir. 2014) (stating that "[d]istrict courts' corrective actions have included refusal to enforce arbitration agreements instituted through improper means and where the timing of the execution of those agreements was similar to the post-filing, pre-certification timing in this case.")  *Id*.  Although *Billingsley* dealt solely with FLSA

collective action claims, the Eleventh Circuit also stated that "[c]ourts take similar action when misleading or improper communications are directed at Rule 23 class action plaintiffs." *Id*. at n.11.

The law is well settled that courts have the duty and the authority to oversee communications between a defendant and putative class members during the course of litigation so that these communications do not discourage or outright deny a putative class member of the right to join in the class action "on the basis of a one-sided presentation of the facts, without opportunity for rebuttal." *Id*.; Fed. R. Civ. P. 23(d)(1) and Fed. R. Civ. P. 83(b).  Plaintiffs ask the Court to find Defendants' attempt to secure arbitration agreements with any putative class member to be improper and either: (1) prohibit the sending of the proposed arbitration agreement and related communications described in Defendants' Notice to the members of the Rule 23 State Classes; or (2) invalidate the arbitration agreement with respect to those individuals in connection with this case.

The Court is confident that less extreme measures may be taken which will assure current employees who are members of the Rule 23 State Classes are not mislead or coerced into waiving their rights to participate in this case.  Indeed, Morgan Stanley asks that if the Court determines that CARE is improper in any respect, that it be permitted to revise and transmit its intended communication. Morgan Stanley also advised the Court during oral argument that it would not oppose the addition to CARE's Notice of Pending Cases an explanation that would more

clearly alert putative class members of the consequences of not opting out of its arbitration agreement.

The Court will step in to ensure fair communications with the putative class members are made regarding their rights and opportunities in this lawsuit.  Because Morgan Stanley employees are putative members of Rule 23 State Classes and do not need to affirmatively opt into this action as did the FLSA plaintiffs, it should be made clear to the putative members of the Rule 23 State Classes that they are making an informed choice not to participate in this action if they take no action to opt-out of CARE on a timely basis.  *Kleiner*, 751 F.2d at 1206.

Morgan Stanley is ordered to include in the description of this case on its Notice of Pending Class, Collective and/or Representative Action Claims, the following language:[3]

This lawsuit is brought by Fred Devries and other former pre-production Financial Advisor Associates, and involves claims that during the "pre-production" period of the Financial Advisor Associates Program they were not paid overtime in all weeks in which they worked more than 40 hours.

One of the legal claims in this case is brought under a federal law known as the Fair Labor Standards Act.  A class of plaintiffs has been conditionally certified by the Court for this claim.  If you have already opted-in or joined in this collective class, your right to continue to pursue your federal claim in this case will not be affected, regardless of whether you do or do not opt-out of this arbitration agreement.

This case also asserts claims on behalf of "putative" or potential class or classes of unnamed Financial Advisor Associates for alleged unpaid overtime under

---

[3]  The parties are not prohibited from substituting any similar language to which they can agree.  If there continue to be issues, the Court will entertain suggested modifications from either party.

Illinois, New Jersey, New York, and Pennsylvania law.  It is possible that a class or classes of Financial Advisor Associates will be certified for these state law overtime claims.  If you are or were a Financial Advisor Associate that worked more than 40 hours during the pre-production period of the Financial Advisor Associate Program in the states of Illinois, New Jersey, New York or Pennsylvania, you may be a potential member of the class or classes that may be certified for these claims.  In order to be able to pursue such a claim in this case, you must opt-out of the instant arbitration agreement.  If you do not opt-out of this arbitration agreement, you will, however, be able to pursue any such claim in an arbitration proceeding.

Accordingly, upon due consideration, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' L.R. 7.1(e) Emergency Motion to Prevent Defendants From Issuing a Misleading Communication to Putative Class Members [D.E. 330] Which Would Cause Them to Waive Their Legal Right to Participate in This Action **[DE 339] IS GRANTED IN PART AND DENIED IN PART**.  It is granted in that Morgan Stanley is prohibited from unilaterally "rolling out" CARE as it is currently written.  Morgan Stanley is directed to add the language above to its Notice of Pending Class, Collective and/or Representative Action Claims, or the parties are directed to agree on language to the same effect, or either party may submit proposed modifications for the Court's approval.  If the parties need further Court intervention, any filing must be made within three business days of the date of this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 18th day of August, 2015.

KENNETH A. MARRA
United States District Judge