## AGREEMENT AND GENERAL RELEASE

[MUST BE SIGNED AND RETURNED TO _____ POSTMARKED NO LATER THAN _____, 2016 IN ORDER TO RECEIVE YOUR ENHANCEMENT AWARD]

Morgan Stanley & Co. LLC, Morgan Stanley Smith Barney LLC, and Morgan Stanley (collectively, the "Defendants"), and **[ENHANCEMENT AWARD PLAINTIFF]** (on behalf of him or herself, his or her respective current, former and future representatives, heirs, assigns, spouses, executors, administrators, beneficiaries, agents, and attorneys, hereinafter collectively referred to as "YOU" or "YOUR"), mutually desire to enter into this Agreement and General Release (also referred to herein as the "Agreement and Release") and agree that:

In consideration for YOUR execution of this Agreement and Release and compliance with the promises made herein, the Defendants agree not to object to approval by the Court:

1. to pay YOU an Enhancement Award in the amount of _____ thousand dollars and zero cents ($__,000.00), from the Settlement Fund, as defined in the Joint Stipulation of Settlement and Release, dated _____, 2016 governing the settlement of *Devries v. Morgan Stanley & Co. LLC*, Case No. 12-81223 (S.D. Fla); *Zajonc v. Morgan Stanley & Co. LLC*, Case No. 14-5563 (N.D. Ca.). *Johnson v. Morgan Stanley & Co. LLC*, Case No. 1:15-cv-04865-RJS (S.D.N.Y.); and Hix v. Morgan Stanley & Co., LLC, Case No. 1:15-cv-01157-MJG (D. Md.). ("Agreement"). If approved by the Court, this payment shall be made less deductions of all applicable employment taxes, including, without limitation, federal, state and local income tax withholding and YOUR share of the FICA tax and shall be reported to the Internal Revenue Service on IRS Form W-2. This Enhancement Award is in addition to YOUR Individual Settlement Amount of _____ dollars and zero cents ($__.00), half of which is subject to deductions for applicable taxes and withholdings like any other paycheck, for which you will receive a W-2, and half of which will be reported on a 1099.

2. YOU will be solely responsible for all taxes, interest, penalties, or other amounts due with respect to this payment (except for the employer's share of payroll taxes) and in this regard agree to indemnify and hold harmless the Defendants for any taxes, penalties, interest or other amounts due or owing by YOU on such payment. Neither Plaintiffs' Counsel nor Defendants or their counsel make any representations concerning any tax consequences of this Settlement or participation in it, and YOU are advised to consult, at YOUR own expense, with YOUR own tax lawyer or advisor for tax advice.

3. "Releasees" shall mean Morgan Stanley & Co. LLC, Morgan Stanley & Co. Incorporated, Morgan Stanley Smith Barney LLC, and Morgan Stanley, and their present and former affiliates, divisions, subsidiaries, parents, predecessors, successors, any merged entity or merged entities, and/or its or their present and former officers, partners, directors, employees, agents, attorneys, shareholders, joint ventures, joint venturers, partners, insurers or reinsurers, employee benefit plans (and the trustees, administrators, fiduciaries, agents, representatives, insurers and reinsurers of such plans), assigns, trustees, heirs, administrators, executors, representatives and/or principals thereof, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity that could be jointly liable with any of them.

4. YOU, on YOUR behalf, and on behalf of YOUR respective current, former and future representatives, heirs, assigns, spouses, executors, administrators, beneficiaries, agents, and attorneys, as applicable and without limitation, generally release and discharge Defendants and the Releasees from any and all claims, actions, causes of action, lawsuits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, bonuses, controversies, agreements, promises, claims, charges, complaints and demands whatsoever, whether in law or equity, known or unknown, which YOU and YOUR heirs, executors, administrators, successors, and assigns, ever had, may now have, or hereafter later determine that he has or had upon, or by reason of, any cause or thing whatsoever, including, but not limited to, relating to his or her employment or termination of employment, including, but not limited to, claims arising under the Age Discrimination in Employment Act ("ADEA"), Americans With Disabilities Act, the National Labor Relations Act, the Fair Labor Standards Act ("FLSA"), the Equal Pay Act, the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq., including but not limited to, breach of fiduciary duty and equitable claims to be brought under §1132(a)(3) ("ERISA"), the Worker Adjustment and Retraining Notification Act, Title VII of the Civil Rights Act of 1964, the Vocational Rehabilitation Act of 1973, the Civil Rights Acts of 1866, 1871 and 1991, including Section 1981 of the Civil Rights Act, the Family and Medical Leave Act, the California Family Rights Act ("CFRA"), California Business & Professions Code, the California Labor Code, the California Private Attorneys General Act of 2004 ("PAGA"), if applicable, California's Wage Orders, and/or any other federal, state or local human rights, civil rights, wage-hour, pension or labor law, rule, statute, regulation, constitution or ordinance and/or public policy, contract or tort law, or any claim of retaliation under such laws, or any claim of breach of any contract (whether express, oral, written or implied from any source), or any claim of intentional or negligent infliction of emotional distress, tortious interference with contractual relations, wrongful or abusive or constructive discharge, defamation, prima facie tort, fraud, negligence, loss of consortium, malpractice, breach of duty of care, breach of fiduciary duty or any action similar thereto against Defendants or Releasees, including any claim for attorneys' fees, expenses or costs based upon any conduct from the beginning of the world up to and including the date that YOU sign this Release and Agreement; provided, however, that (i) YOU do not waive any right to file an administrative charge with the Equal Employment Opportunity Commission ("EEOC"), subject to the condition that YOU agree not to seek, or in any way obtain or accept, any monetary award, recovery or settlement therefrom; (ii) YOU do not release any claim for breach of the terms of the Agreement; and (iii) YOU do not waive any rights with respect to, or release Releasees from any workers' compensation insurance benefits to the extent any applicable state law prohibits the direct release of such benefits without judicial or agency approval, with the understanding that such benefits, if any, would only be payable in accordance with the terms of any workers' compensation coverage or fund of the Defendants.

5. YOU expressly acknowledge that this Agreement and Release is intended to include in its effect, without limitation, all claims which YOU do not know or suspect to exist in YOUR favor at the time of execution hereof, and that this Release and Agreement contemplates the extinguishment of any such claim or claims.

6. In connection with such waiver and relinquishment, YOU hereby acknowledge that YOU or YOUR attorneys may hereafter discover claims or facts in addition to, or different from, those which YOU now know or believe to exist, but that YOU expressly agree to fully, finally and forever settle and release any and all claims, known or unknown, suspected or unsuspected, which exist or may exist on YOUR behalf against Releasees as of the date of this Agreement and Release, including, but not limited to, any and all claims relating to or arising from YOUR employment with Releasees or the cessation of that employment.  YOU and Releasees further acknowledge, understand and agree that this representation and commitment is essential to each Party and that this Agreement would not have been entered into were it not for this representation and commitment.

7. It is further understood and agreed that as a condition of this Release and Agreement, YOU expressly waive and relinquish any and all claims, rights or benefits that YOU may have under California Civil Code Section 1542, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.

8. YOU agree: (1) that YOU been paid for any and all undisputed wages; (2) that YOU and Defendants have reached an amicable agreement regarding any and all amounts of disputed wages; and (3) that YOU are releasing Defendants from any wage claims as to any disputed wages, based on YOUR acknowledgement that YOU and Defendants have reached an amicable agreement regarding the payment of the disputed wages.

9. YOU further covenant that YOU (i) will not disclose to individuals other than YOUR immediate family, tax preparers, and attorneys this Settlement, its terms, or the negotiations leading thereto except in court papers to effectuate the Settlement or if required by legal process or required by law; (ii) will not disparage or impugn the reputation of Defendants in a manner that causes damage to the Defendants; and (iii) as of the date YOU sign this Release and Agreement, are not participating in any other legal actions or proceedings against Defendants, except to the extent YOU may be a putative class or collective member in *In re: Morgan Stanley Smith Barney LLC Wage and Hour Litigation*, Case No. 2:11-cv-03121 (D.N.J.), and to the extent YOU are pursuing any such actions other than *In re: Morgan Stanley Smith Barney LLC Wage and Hour Litigation*, Case No. 2:11-cv-03121 (D.N.J.), YOU will withdraw from and will opt-out of any such actions..

10. Nothing in this Release and Agreement shall prohibit or restrict YOU from:  (i) providing information to, or otherwise assisting in, an investigation by Congress, the EEOC, the Securities and Exchange Commission or any other federal regulatory or law enforcement agency or self-regulatory organization; or (ii) complying with a lawful subpoena or other legal process, subject to the terms of the Release and Agreement, or otherwise complying with applicable law.

11. This Release and Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of Florida, without regard to choice of law principles, except

to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

12. This Release may not be modified, altered or changed except upon express written consent of both parties wherein specific reference is made to this Release.

THEREFORE, the parties now voluntarily and knowingly execute this Agreement and Release.


DATED: _____, 2016

By: _____
[Enhancement Award Plaintiff ]


DATED: _____, 2016

By: _____
On behalf of Defendants Morgan Stanley & Co. LLC f/k/a Morgan Stanley & Co. Incorporated; Morgan Stanley Smith Barney, LLC; and Morgan Stanley